CHARLES OTIS KNIGHT *v.* DAVID BOURBEAU ET AL.
(12208)

PETERS, C. J., HEALEY, PARSKEY, DANNEHY and SANTANIELLO, Js.

Argued November 15—decision released December 25, 1984

*Alphonse Di Benedetto,* for the appellant (petitioner).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellees (respondents).

PER CURIAM. The petitioner, Charles Otis Knight, filed a petition for a writ of habeas corpus alleging that he was being illegally confined pursuant to a rendition warrant issued by the governor of Connecticut in response to a request for extradition from the state of Florida. The trial court denied the relief sought by the petitioner and he has appealed. We find no error.

In the trial court, the petitioner claimed that his detention was illegal because the supporting documentation tendered by the state of Florida was defective

in two respects: it allegedly failed to demonstrate that he was "substantially charged" under the laws of the state of Florida and failed to set forth sufficient facts and circumstances to permit a finding of probable cause as required by the fourth amendment to the United States constitution. The trial court reviewed the various documents that had been submitted in support of the Florida requisition warrant[1] and found them adequate. *Michigan* v. *Doran,* 439 U.S. 282, 289–90, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978); *Wentworth* v. *Bourbeau,* 188 Conn. 364, 368, 449 A.2d 1015 (1982). Concluding that the "[p]etitioner has therefore failed to overcome the presumption of regularity which attaches to a judicial determination of probable cause for the issuance of an arrest warrant," the court determined that the petition for habeas corpus should not issue.

After the trial court had rendered judgment in this case, this court heard and decided *Parks* v. *Bourbeau,* 193 Conn. 270, 477 A.2d 636 (1984). There we concluded, on virtually identical facts, that once the demanding state submits documents that facially satisfy the requirements of the Uniform Criminal Extradition Act; General Statutes § 54-157 et seq., esp. § 54-159; it is the demanding state rather than the custodial state which must determine whether an arrest is constitutionally defective for lack of probable cause. Id., 276–77. We also concluded that such documentation sufficiently establishes fugitive status for a person like the petitioner who does not challenge the fact of his physical presence in the demanding state on the

---

[1] These documents included: an application for requisition signed by the state attorney for Palm Beach County; an information, signed by an assistant state's attorney for the same county, charging the plaintiff with the crime of escape; a probable cause affidavit in aid of extradition signed by an assistant state's attorney before a judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida; an arrest warrant signed by a judge of the Fifteenth Judicial Circuit; attestation certificates as to the genuineness of signatures; a verification by the state attorney for Palm Beach County; and police photos of Charles Otis Knight.

day of the alleged crime. Id., 278; see *Barrila* v. *Blake,* 190 Conn. 631, 634, 636–39, 461 A.2d 1375 (1983). The petitioner in this case therefore cannot prevail on his appeal from the trial court's rulings to the same effect.

The petitioner's appeal presses an additional ground for relief which is arguably distinguishable from our holding in *Parks* v. *Bourbeau.* He maintains that his extradition, even if authorized by the Uniform Criminal Extradition Act and the extradition clause of the United States constitution,[2] is nonetheless illegal because it violates his constitutional rights to due process. This claim was not "distinctly raised at the trial" and we therefore decline to consider it. Practice Book § 3063.[3]

There is no error.

---

[2] The United States constitution provides, in article four, § 2, clause 2: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

[3] Although constitutional claims made for the first time on appeal may be properly pleaded before this court under certain exceptional circumstances; *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); there are no such circumstances in this case. See *Cain* v. *Moore,* 182 Conn. 470, 472, 438 A.2d 723 (1980), cert. denied, 454 U.S. 844, 102 S. Ct. 157, 70 L. Ed. 2d 129 (1981).