TENNESSEE GAS PIPELINE COMPANY *v.* AVON FISH & GAME CLUB, INC., ET AL.
(2893)

BORDEN, DALY and CIOFFI, Js.

Argued May 17—decision released September 10, 1985

*Thomas W. Mochnick,* with whom, on the brief, was *F. Timothy McNamara,* for the appellant (plaintiff).

*Jack Rubin,* with whom was *John D. Liberator,* for the appellees (defendants).

CIOFFI, J. This appeal arises out of the taking of an interest in the defendants' land by the plaintiff pursuant to its power of eminent domain. See General Statutes § 16-263. Pursuant to General Statutes § 16-266, the court, *Bernstein, J.,* appointed a committee of three for the determination of condemnation damages. After a hearing, the committee issued its original report.

The plaintiff filed an exception to the original report, requesting that it be rejected because it was based upon mathematical and conceptual errors. Specifically, the plaintiff claimed that the committee erred (1) by including a pre-existing easement in the pre-taking valuation and excluding it from the after-taking valuation, (2) by assigning a specific damage award to the easement, and (3) by incorrectly calculating the total easement acreage. The court, *Dupont, J.,* pursuant to Practice Book § 443, overruled the plaintiff's exceptions, ruled that the committee had sufficient evidence to determine a pre-taking value, but returned the report to the committee for consideration of the claimed mathematical errors, including any error in its inclusion in damages of the value of a pre-existing easement. The committee thereafter filed an amended report.

The plaintiff filed its objection to acceptance of the amended committee report, claiming that there was an insufficient factual basis for the committee's conclusion as to the value of the condemned land and that the court lacked authority to return the report to the same committee for consideration of the mathematical errors. The court, *Edelberg, J.,* rendered judgment accepting the amended report. The plaintiff appeals from that judgment.

The issues presented on appeal are whether the trial court, *Dupont, J.,* violated General Statutes § 16-266 by returning the report to the same committee for reconsideration of claimed mathematical errors, including any error in its inclusion in damages of the value of a preexisting easement, and whether the committee's conclusion as to the value was supported by the evidence.

The plaintiff first argues that the trial court erred in returning the report to the same committee because the claimed errors were errors of law and, pursuant to General Statutes § 16-266, the court must determine what the law is and whether the committee properly applied it. The plaintiff claims that if the court determines that the committee did not properly apply the law, the court must reject the report for irregular or improper conduct and refer it to a different committee with a mandate as to what law to apply. We disagree.

General Statutes § 16-266, which governs the procedure for determining damages following a taking of property by eminent domain, provides in pertinent part: "[The] court or judge shall appoint a committee of three disinterested persons, who shall be sworn before commencing their duties. Such committee after giving reasonable notice to the parties shall view the property in question, hear the evidence, ascertain the value, assess just damages to the owner or owners of such property and report its doings to said court or judge. Said court or judge may accept such report or may reject it for irregular or improper conduct by such committee in the performance of its duties. If the report is rejected, said court or judge shall appoint another committee, which shall proceed in the same manner as the first committee was required to proceed."

This statute must be read in conjunction with Practice Book §§ 428 through 445, which govern the pro-

cedure in matters referred to committees designated to make reports to the court. Practice Book § 443 provides: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in its rulings or that by reason of material corrections in its findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the *same* or another committee for a new trial or revoke the reference and leave the case to be disposed of in court. . . ." (Emphasis added.)

General Statutes § 16-266 requires the court to appoint a new committee *only* if the original committee's report is rejected for irregular or improper conduct by the committee in the performance of its duties. We need not decide in this case the full scope of the meaning of the phrase, "irregular or improper conduct by such committee in the performance of its duties." It is clear to us, however, that it does not mean, as the defendant urges, simply making errors of law or mathematical computation. Those errors do not require the appointment of a new committee. When the committee has made those errors, the court may reject the report and refer it back to the same committee, as it did here, refer the case to a new committee for a new trial or retain the case for disposition by the court. Practice Book § 443.

In the present case the court rejected the original report of the committee not because the committee engaged in irregular or improper conduct, but because during the course of the performance of its duties the committee erred. Therefore, pursuant to Practice Book § 443, the court was authorized to refer the matter back to the same committee.

Finally, the plaintiff claims that the court erred in concluding that there was sufficient evidence regarding the pre-taking value before the committee. It is the appellant's burden to provide the court with an adequate appellate record. *Accurate Forging Corporation* v. *UAW Local No. 1017,* 189 Conn. 24, 28, 453 A.2d 769 (1983). In the present case, there is no transcript of evidence before this court from which we can evaluate the plaintiff's claim. See *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983); *Grunschlag* v. *Ethel Walker School, Inc.,* 190 Conn. 679, 680, 462 A.2d 1 (1983). We, therefore, have no basis on which to find error on this claim.

There is no error.

In this opinion the other judges concurred.