HILLARD N. EINBINDER ET AL. *v.* BOARD OF TAX
REVIEW OF THE TOWN OF WOODBURY
(14075)

JOSEPH R. PEPE, TRUSTEE *v.* BOARD OF TAX REVIEW
OF THE TOWN OF WOODBURY
(14076)
(14077)

PETERS, C. J., SHEA, COVELLO, BORDEN and SANTANIELLO, Js.

Argued December 12, 1990—decision released January 22, 1991

*James Wu,* with whom, on the brief, was *Amy B. Levy,* for the appellant (defendant).

*Robert E. Wright,* for the appellees (plaintiffs).

PER CURIAM. The sole issue in these three consolidated tax appeals is the valuation of an improved but privately owned road for property tax purposes. The

plaintiffs, Hillard N. Einbinder, Moshe M. Schweky and Joseph R. Pepe, trustee,[1] challenged the validity of tax assessments of Woodlake Road[2] by the defendant, the Woodbury board of tax review (board).

Because Woodlake Road has never been accepted by the town of Woodbury, it is subject to assessment as private property. *Woodbury* v. *Pepe,* 6 Conn. App. 330, 331, 505 A.2d 723 (1986). Pepe's appeals contested the board's assessments for the tax years 1983 through 1987, when the board determined that the property had a fair market value of $341,100, while the other appeal contested the 1988 and 1989 assessments, when the board determined that the road's fair market value had become $889,242. The trial court, after an evidentiary hearing, concluded that the fair market value of the road was $15,000 for each of the five earlier tax years and $60,000 for the two later tax years. The board then sought further review of these judgments in the Appellate Court, and we transferred the consolidated appeals to this court pursuant to Practice Book § 4023.

In its appeals, the board maintains that the trial court mistakenly: (1) selected the comparable sales approach as its method of valuation; (2) found that the plaintiffs would not replace the road if it were to be destroyed; and (3) found that the value of the roadway should be allocated principally to the abutting property that has an easement over the roadway, and only nominally to

---

[1] In 1988, during the pendency of the first two tax appeals, the plaintiff Pepe sold three parcels of property to the plaintiffs Einbinder and Schweky: the road, adjacent acreage in Woodbury and another parcel in Southbury. The total contract price for this purchase was $425,000.

[2] The parties stipulated that Woodlake Road contains 7.505 acres of land, and that it is 6424 feet in length. The adjacent acreage that the plaintiffs also own contains approximately sixty-three acres. Furthermore, the plaintiffs have a right of way over the road on behalf of their Southbury parcel.

Woodlake Road is an improved road. It has a storm sewer and fire hydrants. It also has street lights that are serviced by an electric line that runs under the road.

the property consisting of the roadway itself. Our review of discretionary or fact-bound trial court rulings is limited to a determination of whether there has been an abuse of discretion or a clearly erroneous finding of fact. See Practice Book § 4061; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. The trial court's thoughtful and comprehensive memorandum of decision; *Pepe* v. *Board of Tax Review,* 41 Conn. Sup. 457, 585 A.2d 712 (1990); properly resolved the issues underlying the validity of the board's assessment of the plaintiffs' road. Because that memorandum of decision fully states and meets each of the arguments raised in the present appeals,[3] we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained.

The judgment is affirmed.

---

[3] The trial court ended its memorandum of decision by undertaking to consider reproduction cost as an alternate method of valuation for the plaintiffs' property. Since we conclude that the trial court did not abuse its discretion in rejecting this method of valuation, we need not review the merits of the court's alternate assessment based upon this less appropriate methodology. Accordingly, our adoption of the trial court's opinion excludes the court's assessment of the plaintiffs' property according to its reproduction cost.