TIMOTHY F. BANNON, COMMISSIONER OF REVENUE SERVICES *v.* STEPHEN A. WISE, EXECUTOR (ESTATE OF DOROTHY A. HEWLETT), ET AL. (14147)

PETERS, C. J., CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued January 15—decision released February 12, 1991

*Albert E. Sheary,* with whom were *Robert L. Eddy* and, on the brief, *William J. Friedeberg,* for the appellant (plaintiff).

*William R. Moller,* with whom, on the brief, was *Susan M. Cormier,* for the appellees (defendants).

PER CURIAM. The sole issue in this tax appeal is whether the trial court correctly held that a housing facility for elderly people qualified as a charitable cor-

poration eligible for the exemption from the Connecticut succession tax contained in General Statutes § 12-347 (a).[1] The defendants, the executors under the will of Dorothy A. Hewlett, filed a succession tax return in 1988, which the plaintiff, the commissioner of revenue services, accepted except insofar as a charitable exemption was sought for a contribution to the New Canaan Inn, Inc., a congregate living facility for the elderly. The Probate Court determined that the bequest qualified for the statutory exemption. Upon a de novo review of that determination by the trial court, that court likewise concluded that the New Canaan Inn, Inc., was being operated exclusively for charitable purposes, as § 12-347 (a) requires. The court therefore denied the plaintiff's appeal and ordered him to recompute the estate's succession tax so as to reflect an amended assessment exempting the bequest to the New Canaan Inn, Inc. The plaintiff then took a further appeal to the Appellate Court, which we transferred to this court pursuant to Practice Book § 4023. We affirm.

The status of the New Canaan Inn, Inc., as a charitable corporation turns upon the applicability of the tests developed in *United Church of Christ* v. *West Hartford,* 206 Conn. 711, 720–24, 539 A.2d 523 (1988), *Waterbury First Church Housing, Inc.* v. *Brown,* 170 Conn. 556, 562–64, 367 A.2d 1386 (1976), and *Camp Isabella Freedman of Connecticut, Inc.* v. *Canaan,* 147 Conn. 510, 514, 162 A.2d 700 (1960), in light of the factual circumstances of the operation of this particular home for the elderly. Our examination of the record on this

---

[1] General Statutes § 12-347 (a) provides in relevant part: "There shall be exempt from the tax imposed by this chapter all transfers to or for the use of . . . any corporation, institution, society, association or trust, incorporated or organized under the laws of this state . . . formed for charitable, educational, literary, scientific, historical or religious purposes, provided the property transferred is to be used exclusively for one or more of such purposes . . . ."

appeal, and the briefs and arguments of the parties, persuades us that the trial court's judgment for the defendants on this issue should be affirmed. The memorandum of decision of the trial court thoughtfully and comprehensively addresses both the factual questions and the legal issue involved in the defendants' claim that the bequest to the New Canaan Inn, Inc., qualifies for a succession tax exemption. *Bannon* v. *Wise,* 41 Conn. Sup. 469, 586 A.2d 639 (1991). Because that memorandum of decision fully states and meets the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion therein contained.

The judgment is affirmed.