RICHARD LAVALLEY *v.* JEFF CORREIA, CONNECTICUT
STATE POLICE
GARY MONTANARO *v.* JEFF CORREIA, CONNECTICUT
STATE POLICE
DAVID M. SCHNEIDER *v.* JEFF CORREIA, CONNECTICUT
STATE POLICE
GREGORY NASTU *v.* JEFF CORREIA, CONNECTICUT
STATE POLICE
SCOTT SHOLA *v.* JEFF CORREIA, CONNECTICUT
STATE POLICE

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD | FILE NOS. 295757S 295758S 295759S 295760S 296687S |
| --- | --- | --- |

Memorandum filed January 4, 1993

*Gary A. Mastronardi,* for the petitioners.

*Richard F. Jacobson* and *Frederick W. Fawcett,* assistant state's attorneys, for the respondent.

THIM, J. The petitioners, who are held under rendition warrants issued by the governor of Connecticut as the result of requisitions made upon him by the governor of the commonwealth of Pennsylvania, seek the issuance of writs of habeas corpus. They claim they

are being illegally detained because (1) the extradition documents are not in order, and (2) the petitioners have not been substantially charged with a crime. The petitioners Richard LaValley and Gregory Nastu also claim they are not fugitives. For the reasons stated below, the petitions are denied.

Hearings contesting extradition warrants are "limited to four questions, namely, (a) whether the extradition documents on their face are in order, (b) whether the plaintiff has been charged with a crime in the charging state, (c) whether the plaintiff is the person named in the request for extradition and (d) whether the plaintiff is a fugitive." *Narel* v. *Liburdi,* 185 Conn. 562, 565, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982). These cases raise three of these questions.

All petitioners claim the extradition documents are not in order because the factual findings which are contained in the minutes of a Pennsylvania grand jury were not expressly and separately authenticated by the governor of Pennsylvania. In each case, the minutes are annexed with other documents to the application for rendition which was submitted by the district attorney of Mercer county, commonwealth of Pennsylvania, to the governor of Pennsylvania. The minutes set forth the basis for the grand jury's presentment with respect to the petitioners. Also annexed to each application for rendition is an affidavit of probable cause prepared by two Pennsylvania state troopers. The affidavits are identical in each case. The troopers say in their affidavit that they have reviewed the presentment and determined the findings described therein correspond with their own findings. Since the troopers use the findings of the grand jury to corroborate their own findings, the petitioners claim the minutes must be expressly and separately authenticated.

General Statutes § 54-159, which establishes the documentary requirements for a valid extradition request, provides in part that "the copy of indictment, information, [or] affidavit . . . must be authenticated by the executive authority making the demand." In each of these five cases, the governor of Pennsylvania has certified "copies of application, complaint, warrant, affidavit of probable cause, fingerprints" to be authentic and duly authenticated in accordance with the laws of Pennsylvania. This certification of authentication is sufficient and is binding upon this court. *Fain* v. *Bourbeau*, 195 Conn. 465, 473, 488 A.2d 824 (1985).

All petitioners claim they have not been substantially charged with a crime in Pennsylvania as required by § 54-159. Underlying this claim is an attack on the sufficiency of the affidavit of probable cause which was submitted to a Pennsylvania magistrate by the two Pennsylvania state troopers. The petitioners claim the affidavit merely contains conclusionary statements and affirmations of the grand jury's findings and that it lacks personal observations of the officers.

"The purpose of General Statutes § 54-159 is to implement the extradition clause of the United States constitution by providing a procedure for the summary disposition of extradition cases." *Wright* v. *Bourbeau*, 3 Conn. App. 512, 519, 490 A.2d 522 (1984), cert. denied, 196 Conn. 814, 494 A.2d 908 (1985). Section 54-159 provides in part that "[t]he indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state . . . ." "Whether a party is 'charged' with a crime means whether he has been formally accused of that crime. . . . To charge 'substantially,' as provided by General Statutes § 54-159, requires that the charge be based upon probable cause." (Citation omitted.) *Wentworth* v. *Bourbeau*, 188 Conn. 364, 368, 449 A.2d 1015

(1982). "[O]nce the demanding state submits documents that facially satisfy the requirements of the Uniform Criminal Extradition Act; General Statutes § 54-157 et seq., esp. § 54-159; it is the demanding state rather than the custodial state which must determine whether an arrest is constitutionally defective for lack of probable cause." *Knight* v. *Bourbeau,* 194 Conn. 702, 703, 485 A.2d 919 (1984). Thus, the question to be resolved is whether the documents facially show a neutral magistrate has made a finding of probable cause. If they do, this court should inquire no further.

In each case, an arrest warrant was issued by District Justice Joseph V. Gabany. The certified copies of the arrest warrants, complaints, charges filed and probable cause affidavits contain the following recital above the magistrate's signature: "I certify the complaint has been properly completed and verified, and that there is probable cause for the issuance of process." This is a judicial determination of probable cause. Accordingly, no further judicial inquiry may be had in this state on this issue. *Michigan* v. *Doran,* 439 U.S. 282, 290, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978); *Knight* v. *Bourbeau,* supra.

The petitioner LaValley claims he is not a fugitive. "A person is a fugitive from justice if he commits a crime in one state and is thereafter found in another state. . . . The issuance of a governor's warrant constitutes prima facie evidence that the person named therein is a fugitive, and introduction of the warrant into evidence shifts the burden of showing the contrary to the petitioner contesting the legality of his arrest." *Barrila* v. *Blake,* 190 Conn. 631, 634–35, 461 A.2d 1375 (1983). At the hearing before this court, LaValley submitted documents which show that he was charged with the possession of cocaine on July 12, 1991, in the county of Clarion, within the commonwealth of Pennsylvania, and that he subsequently pleaded guilty to this charge.

The documents also show that he was charged in Butler county with various narcotics offenses and that on April 8, 1992, a nolle prosequi was entered on these charges. These facts do not affect the status of the charge or the status of LaValley as a fugitive but merely show that Pennsylvania's officials desire to try all the cases pending against the petitioners and others in one county.

If LaValley is aggrieved by procedural infirmities, constitutional or otherwise, he must have those matters determined by the commonwealth of Pennsylvania. *Narel* v. *Liburdi,* supra, 565. Since the respondent introduced the rendition warrant and requisition, there is prima facie evidence that LaValley is a fugitive. This evidence has not been rebutted.

The petitioner Nastu also claims he is not a fugitive. He argues that the minutes of the grand jury submitted as part of the requisition made by the governor of Pennsylvania show "that at no time has this petitioner ever been claimed by Pennsylvania's authorities to have been present in Pennsylvania, committed a crime there, and fled that jurisdiction." "The inquiry whether or not the plaintiff is a fugitive from justice is one of fact, to be resolved by the chief executive of the state to whom the demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law." *Reynolds* v. *Conway,* 161 Conn. 329, 334, 288 A.2d 77 (1971). The minutes of the grand jury can fairly be read as stating that a witness picked up drugs from Nastu in Pennsylvania and also met with Nastu and another person in Pennsylvania. Nastu has not introduced contrary evidence to rebut the presumption raised by the governor's warrant of extradition. He has failed to prove beyond a reason-

able doubt that he was not in Pennsylvania at the times the crimes were committed. *Barrila* v. *Blake,* supra, 636–38 (standard of proof).

Based on the foregoing, each of the five petitions for a writ of habeas corpus is denied.