DAW'S CRITICAL CARE REGISTRY, INC. *v.* DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION
(14580)

PETERS, C. J., CALLAHAN, BERDON, NORCOTT and KATZ, Js.

Argued February 10—decision released March 23, 1993

---

[8] I agree with parts II and III of the majority opinion and would not reach the issues in parts IV, V and VI.

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (defendant).

*Joseph D. Garrison,* with whom was *Markus L. Penzel,* for the appellee (plaintiff).

PER CURIAM. In this case concerning contested assessments of unemployment tax, the only issue is whether there is an employer-employee relationship between the plaintiff, Daw's Critical Care Registry, Inc., and the state licensed nurses that it refers to various medical facilities throughout the state. The defendant, the department of labor, employment security division, determined in an administrative ruling that the plaintiff should be characterized as an employer paying taxable wages within the meaning of General Statutes § 31-222 (a) (1) (B),[1] and should, therefore, be

[1] General Statutes § 31-222 provides in relevant part: "DEFINITIONS. As used in this chapter, unless the context clearly indicates otherwise:

"(a) (1) 'Employment,' subject to the other provisions of this subsection, means:

"(A) Any service, including service in interstate commerce, and service outside the United States, performed under any express or implied contract of hire creating the relationship of employer and employee;

"(B) . . . subject to the other provisions of this subsection, [any] service performed . . . by any of the following . . . (ii) any individual who, under either common law rules applicable in determining the employer-employee relationship or under the provisions of this subsection, has the status of an employee. Service performed by an individual shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is

assessed unemployment tax. The trial court, however, agreed with the plaintiff that the nurses were not employees within the meaning of the statute, but rather were independent contractors. The trial court, therefore, sustained the plaintiff's appeals challenging the assessments.[2] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. The parties agree that the test that determines liability for unemployment tax in the circumstances of this case is the "ABC test" contained in § 31-222 (a) (1) (B) (ii). See *Latimer* v. *Administrator,* 216 Conn. 237, 246, 579 A.2d 497 (1990). In a thoughtful and comprehensive memorandum of decision, the trial court determined that the plaintiff had proven its entitlement to an exclusion from the tax by satisfying each of the three elements of the ABC test and thus proving that it was not an employer. *Daw's Critical Care Registry, Inc.* v. *Department of Labor,* 42 Conn. Sup. 376, 622 A.2d 622 (1993). Because that memorandum of decision fully

shown to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed . . . ."

[2] The plaintiff appealed to the Superior Court pursuant to General Statutes § 31-270. The trial court consolidated two separate appeals, one arising out of an assessment for 1985 when the plaintiff was operating as a sole proprietorship, and the other arising out of assessments for 1986 and 1987, after the plaintiff had been incorporated.

states and meets the arguments raised in the present appeals, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Loeb* v. *Al-Mor Corporation*, 224 Conn. 6, 7, 615 A.2d 149 (1992); *Bannon* v. *Wise*, 217 Conn. 457, 458–59, 586 A.2d 596 (1991); *Einbinder* v. *Board of Tax Review*, 217 Conn. 240, 242, 584 A.2d 1188 (1991).

The judgment is affirmed.