[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition for habeas corpus is brought by Raymond Ranciato, who claims that he is wrongfully being deprived of his liberty by being held on a warrant for extradition to the state of California pursuant to a rendition warrant issued by Governor Lowell P. Weicker, Jr., on October 7, 1992.
The petitioner, who is at liberty on bond, claims that he cannot be extradited to California because the request for his extradition does not conform to the requirements of 54-159
C.G.S. in that no document submitted by the state of California CT Page 3547 contains and explicitly sets forth a finding of probable cause by a judicial authority that the petitioner committed the crime for which extradition is sought, grand theft.
Section 54-159 C.G.S. provides, in relevant part, that
 [n]o demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging . . . that the accused was present in the demanding state at the time of commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon . . . The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction . . . must be authenticated by the executive authority making the demand.
The inquiry of a court in determining the validity of a demand for extradition is limited to whether the documents submitted, read together and as a whole, facially satisfy the requirements of 52-159 C.G.S. Knight v. Bourbeau, 194 Conn. 702,703 (1984).
The documents submitted by the Governor of California are as follows:
1) a certification form;
2) an endorsed copy of the First Amended Verified Complaint, signed by Officer Daniel Tonini of the Sacramento Sheriff's Department, stating the charge of Grand Theft and alleging that CT Page 3548 on July 27, 1988, Raymond Donald Ranciato "did wilfully and unlawfully take money and personal property of a value exceeding four hundred dollars, to wit twenty-five thousand dollars ($25,000.00), the property of Raymond Sandy.";
3) a certified copy of Bench Warrant and Order Issuing Bench Warrant. The first of these documents, Ex. 6, merely sets forth the terms of the bench warrant issued on the charge of grand theft. It contains no signature by an issuing magistrate, no statement that a finding of probable cause was made, but only the section of the California statute setting forth the crime of grand theft, the date of "violation information", the location, the "issue date" (6/21/90), and the name "Judge Sapunor." The second document, Ex. 7, also titled "Bench Warrant" bears the signature of "Magistrate or Clerk" below the following text:
 THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER OF THIS STATE: THE ABOVE NAMED AND DESCRIBED DEFENDANT WAS CONVICTED IN THIS COURT OF THE OFFENSE SET FORTH ABOVE: OR AN ORDER WAS ISSUED: OR AN ACCUSATION WAS FILED CHARGING THE DEFENDANT WITH THE OFFENSE SET FORTH ABOVE AND THE ABOVE NAMED DEFENDANT SUBSEQUENTLY FAILED TO OBEY THE ORDER OF THE COURT OR OTHER REQUIREMENTS BY LAW, TO WIT:
 CODE SECTION DESCRIPTION PC 1203.2 VIOLATED TERMS OF PROBATION
 YOU ARE ORDERED TO ARREST THE DEFENDANT FORTHWITH AND BRING HIM BEFORE ME, OR IN THE CASE OF ANY ABSENCE OR INABILITY TO ACT, BEFORE THE NEAREST OR MOST ACCESSIBLE MAGISTRATE IN THIS COUNTY.
The offense referred to as having been "set forth above" is grand theft.
4) Affidavit of Daniel Tonini, Officer of the Sacramento Sheriff's Department, dated August 7, 1992. This document was not certified or authenticated and was not received in evidence as a full exhibit. CT Page 3549
The text of Exhibit 7, set forth above, states only that "Raymond Ranciato was accused of grand theft. The only finding even suggested is that by virtue of that accusation he violated the terms of his probation. While the document may suffice to establish the pendency of a charge upon which probable cause has been found for violation of probation, the demand for extradition is not based on that charge but on the charge of grand theft. (Ex. 1). None of the documents submitted by the state of California indicates in any way that any finding of probable cause was made as to the charge of grand theft.
The respondent urges that the documents submitted in this case are the same as those found to have been sufficient: in Knight v. Bourbeau, 194 Conn. 702 (1984). This is not the case. In Knight, the Supreme Court noted that the documents provided included an information and a probable cause affidavit.194 Conn. 703, n. 1. While the contents of the "probable cause affidavit" were not described by the Supreme Court, it observed that the facts in Knight were "virtually identical" to those in Parks v. Bourbeau, 193 Conn. 270 (1984). In Parks,193 Conn. at 276, the "affidavit of probable cause" was filed with a judicial finding of probable cause that the accused had committed the crime for which extradition was sought.
This court is mindful that it is not its task to determine if there is probable cause to believe that Raymond Ranciato committed the crime of grand theft. Engel v. Bourbeau 201 Conn. 162,173 (1986); Parks v. Bourbeau, Supra, 193 Conn. at 269-306. This court must, however, determine whether a finding of probable cause was made in the demanding state as to the offense for which extradition is sought. Wentworth v. Bourbeau, 188 Conn. 364.
As the Supreme Court stated in Wentworth v. Bourbeau,188 Conn. 364, 368 (1982)
 [w]hether a party is "charged" with a crime means whether he has been formally accused of that crime . . . to charge "substantially," as provided by General Statutes 54-159, requires that the charge be based upon probable cause.
While the documents submitted indicate that a California magistrate made a finding of probable cause as to a charge of violation of probation, they simply do not indicate that any CT Page 3550 magistrate made a finding of probable cause on the charge of grand theft.
The requirement of evidence that a finding of probable cause was made by the demanding state was not disputed in Engel v. Bourbeau, 201 Conn. 162 (1986). In that case, the demand for extradition was accompanied by an indictment sworn to by a grand jury charging the petitioner with the crime.
The petitioner has demonstrated that the demand for extradition which underlies the extradition warrant is defective since it does not include a record of any finding of probable cause in California as to the crime of grand theft. The only relief requested in the amended petition, however, is as follows:
 WHEREFORE, the petitioner prays that a writ of habeas corpus be issued to bring the respondent, Detective Jeff Corrier, before the court that justice may be done.
Since the purpose of a habeas petition is to secure petitioner's own liberty, the requested relief is, at best inexplicable, however it is the only relief requested.
The respondent is therefore ordered to appear before the undersigned on April 20, 1993, at 10:00 A.M., to show cause, if any, why the petitioner, who is at liberty, should not be released from his bond until such time as an extradition demand in compliance with 54-159 C.G.S. is received by the state of Connecticut.
Beverly J. Hodgson Judge of the Superior Court