BANK OF BOSTON CONNECTICUT, TRUSTEE *v.*
WILLIAM P. BREWSTER ET AL.
(11726)

O'CONNELL, FOTI and LAVERY, Js.

Argued April 20—decision released July 27, 1993

*William H. Clendenen, Jr.,* for the appellant (named defendant).

*Barbara S. Miller,* with whom were *James J. Gentile, Anne M. Ragusa, Robert J. Engelman* and, on the brief, *Phyllis M. Pari,* for the appellees (defendant Mary Elizabeth Greene et al.).

*Thomas M. Fiorentino,* assistant attorney general, for the appellee (defendant Richard Blumenthal, attorney general).

PER CURIAM. The defendant appeals from the trial court's interpretation of a trust. The defendant claims (1) that the trial court's decision is subject to de novo review, (2) that the trial court failed to follow fundamental principles of will construction, (3) that the trial court failed to find that a certain provision of the trust was ambiguous because it was inconsistent with provisions distributing other property, (4) that the trial court improperly applied the presumption against intestacy, and (5) that the trial court improperly adopted a construction that contradicts the plain meaning of a certain provision of the trust. We affirm the judgment of the trial court.

The following facts are pertinent to the resolution of this appeal. In 1972, Phebe Warren Brewster Healey died. She left one-half of the residue of her estate to her son, William P. Brewster. She left the other half of the residue of her estate in trust with the four sisters of her late husband as beneficiaries. The trust provided that the income from the trust be paid "in equal shares, during their lifetimes, at least as often as quarter-annually." The trust further provided that upon the death of each of the sisters "the Trustees shall pay one-fourth (¼) of the principal of the Trust created by this Article as it may then exist and any accrued or unpaid income due to said deceased sister, free and discharged of trust to the children of said deceased sister, in equal shares. The children of any deceased child shall take the share of their parent, equally."

In 1988, one of the sisters died. One-fourth of the principal of the trust as it then existed was paid to the sister's only child. After another sister died in 1991, the trustees filed an accounting, to which William P. Brewster objected. Thereafter, the trustees brought this action requesting that the trial court construe the

will and advise the trustees how to distribute the trust estate. The trial court rendered a decision interpreting the trust. William P. Brewster appealed.

We are persuaded by our examination of the record, briefs and arguments of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court interpreted the trust in a manner consistent with our rules of construction. *Bank of Boston Connecticut* v. *Brewster,* 42 Conn. Sup. 474, 628 A.2d 1354 (1993). Because that memorandum meets the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. See *Daw's Critical Care Registry, Inc.* v. *Department of Labor,* 225 Conn. 99, 102, 622 A.2d 518 (1993), and the cases cited therein.

The judgment is affirmed.