RICHARD LAVALLEY ET AL. *v.* JEFF CORREIA, CONNECTICUT STATE POLICE
(12202)

O'CONNELL, FOTI and SCHALLER, Js.

Argued October 1—decision released November 9, 1993

*Gary A. Mastronardi,* for the appellants (petitioners).

*Richard F. Jacobson,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. This is a joint and consolidated appeal from the trial court's denial of the petitioners'[1] writs of habeas corpus in which they contested their extraditions to the Commonwealth of Pennsylvania. All four petitioners on appeal claim that the trial court improperly concluded (1) that Pennsylvania's documents were properly authenticated and (2) that the petitioners were "substantially charged" within the meaning of General Statutes § 54-159.[2] The petitioners Richard LaValley and Gregory V. Nastu also claim that the trial court improperly concluded that they were fugitives within the meaning of § 54-159. We affirm the judgment of the trial court.

The scenario resulting in this appeal began when a Pennsylvania grand jury returned a presentment recommending that the attorney general of that state initiate criminal proceedings against numerous individuals, among whom were the petitioners. Thereafter, two Pennsylvania state troopers executed affidavits

[1] The petitioners are Richard LaValley, Gary J. Montanaro, Gregory V. Nastu, David M. Schneider and Scott Schola. Schola has not appealed to this court.

[2] General Statutes § 54-159 provides: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 54-162, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

incorporating the grand jury findings and submitted them to a judge who issued warrants for the petitioners' arrests.

In due course, Pennsylvania Governor Robert Casey authenticated certain documents and, pursuant to the Uniform Criminal Extradition Act; General Statutes § 54-157 et seq.; made demand on the governor of Connecticut for the arrest and return of the petitioners. Connecticut Governor Lowell P. Weicker, Jr., issued extradition arrest warrants pursuant to which the respondent, a Connecticut state police detective, arrested the petitioners, each of whom filed a writ of habeas corpus to test the legality of the arrest. Following a hearing, the trial court denied each of the petitions and LaValley, Gary J. Montanaro, Nastu and David M. Schneider appealed to this court.

We are persuaded by our examination of the record, briefs and arguments of the parties, that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *LaValley* v. *Correia,* 42 Conn. Sup. 569, 632 A.2d 1147 (1993). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Daw's Critical Care Registry, Inc.* v. *Department of Labor,* 225 Conn. 99, 101–102, 622 A.2d 518 (1993); *Bank of Boston Connecticut* v. *Brewster,* 32 Conn. App. 215, 217, 628 A.2d 990 (1993).

The judgment is affirmed.