[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is a corollary, as it were, to the award of a committee consisting of three disinterested persons in a statutory condemnation action pursuant to Sec. 16-266 of the General Statutes. The committee held its hearings from September 27 through September 29, 1994, and, of course, physically viewed the property. It filed its report on November 30, 1994, and after a thorough detailed analysis of the evidence presented, with due consideration to the credibility of the witnesses who testified, and its own observation, awarded damages in the amount of one hundred ten thousand ($110,000) dollars. The respondent has moved for judgment on the committee's report, together with interest thereon, attorney's fees and costs. The petitioner has duly objected to the respondent's motions.
Each of the parties moved the committee to enter certain corrections to its report. The petitioner's motion was denied and the respondent's was granted. This occurred on January 26, 1995. The docket sheets and indeed the file itself disclose no further efforts by either party until March 8, 1995, when the respondent CT Page 6522 moved for the acceptance of and judgment upon the committee's report. The following day, the petitioner objected to the entry of judgment on the report. Section 16-266 of the General Statutes must be read in conjunction with Secs. 426 through 445 of the Practice Book. The petitioner, having taken no action as to the denial of the motion to correct within the time limited, cannot now be heard on an objection to the acceptance of the report. SeeTennessee Gas Pipeline Co. v. Avon Fish Game Club, Inc.,5 Conn. App. 189, 191; Sec. 441 of the Practice Book.
The court has reviewed the committee's report and has heard the parties articulate their respective positions. It has previously described its finding with respect to that report and notes that the petitioner's objections in general are directed to what it would characterize as findings unsupported by the evidence submitted to the committee. It appears to this court that the true objection to the committee report in substance is addressed to the credibility that the committee gave to what it heard and the findings based upon the determination of that credibility. This attack is without merit and should be and is hereby summarily dismissed. Judgment may enter in accordance with the committee's report.
In addressing the other issues, it is appropriate to note that the court is not concerned with the appraiser's fee as the committee, in responding to the respondent's petition to correct, awarded an appraisal fee of two thousand five hundred ($2,500) dollars. That award will draw no further comment.
Each of the parties offered testimony on the issue of the amount of any interest which the court should award to the petitioner. The plaintiff's expert was duly qualified, experienced, articulate, knowledgeable and more than credible. The petitioner's witness lacked expertise and experience. That finding is not to disparage the gentleman in any way. He was certainly intelligent and articulate, but completely at sea as it were on the subject. He was unable to offer any evidence which might be considered credible and, consequently, neither refuted the petitioner's expert nor provided the court with any meaningful challenge to the petitioner's expert.
It appears that the court has two alternatives with respect to the award of interest. The first is the general rule of damages of fair, just and reasonable compensation, and the second is the statutory rate of ten (10) percent found in Sec. 37-3a of CT Page 6523 the General Statutes. Our courts have spoken to the rules of fair, just and reasonable compensation by declaring a standard to be applied which is said to be the rate of interest that could reasonably be achieved by a reasonably prudent investor. Leverty Hurley Co. v. Commissioner of Transportation, 192 Conn. 377,382; Laurel, Inc. v. Commissioner of Transportation, 180 Conn. 11,46-47. The expert testimony elicited under that standard focused on the respondent who is seventy-two (72) or seventy-three (73) years of age. The credible evidence offered by that expert expressed the opinion that people of that age bracket invested substantially, if not very substantially, in bonds. The fluctuating rates of return on such an investment through the years 1991 through 1994 were stated. The opinion offered on the rate of return under the standard on a portfolio very substantially predicated upon bonds, produced a figure of twelve (12) percent per annum. That opinion is found to be logical and credible, and interest on the award at the rate of twelve (12) percent per annum is hereby awarded.
The respondent also claims under her interpretation of the term costs, the amount which she paid to a surveyor for work performed on this land. The amount of the indebtedness arising out of work done on this particular property was said to be forty-two thousand six hundred ninety-seven ($42,697) dollars. She cites to French v. Clinton, 215 Conn. 197, 205-06 as authority for that proposition. It is significant to note that that proceeding was brought under Sec. 8-133 of the General Statutes. She would bolster that contention by an alternative claim under Sec. 52-257(b)(5).[1] The petitioner resists the respondent's claim for costs, specifically, the claim for surveying fees, and would refute it by arguing that such costs cannot be recovered unless the statute clearly provides for costs. It cites Waterbury v. Macken, 100 Conn. 407, 413. That case may be somewhat unique to its facts as it dealt with condemnation by a county and what now might well be said to be the "archaic" form of county government. However, that statement will not simply dispose of that argument.
Under the statutory authorizations for proceedings as presented herein, there is statutory language appearing in Sec.16-266 which this court finds to be rather significant. That language is this: "The expenses or costs of any such hearing
shall be taxed by such court or judge and paid by such corporation." (Emphasis supplied.) The court is satisfied that the language itself is more than clear. The word "hearing" of CT Page 6524 necessity must apply to the proceedings before the committee. Among its duties are to "hear the evidence." It tortures both law and logic and suggests that the word hearing applies to the proceeding before a judge with respect to the entry of judgment upon the committee's report. It is the opinion of this court that the award of the cost of surveying falls clearly in the purview of this statute in this instance. However, this court is hardly prepared to award the entire costs of surveying to the respondent. During the hearing before the committee, the surveyor testified that of the bills submitted, only ten thousand ($10,000) dollars thereof applied to the condemnation. There was a collateral agreement between the petitioner and the surveyor for the payment of certain charges which aggregate seven hundred fifty ($750) dollars. That agreement is separate and distinct from the award of costs. However, to remove any possible doubt about the amount of surveying fees ordered by this court, the total amount awarded is ten thousand seven hundred fifty ($10,750) dollars, including the collateral agreement.
The final issue to be addressed is the issue of the award of counsel fees. The statutory authorization for the award of such fees is found in the last two sentences of the statute. The language is: "[S]uch court or judge shall award to such property owner such attorney and appraisal fees as the court may determine to be reasonable." The agreement between the respondent's counsel and his clients calls for the payment of a contingency fee. The petitioner urges the court to hold that the contingency fee agreement is determinative of the issue of counsel fees in this case. If the court accepts that premise, the fee to be awarded is approximately fifteen thousand ($15,000) dollars. It continues its argument by reciting the general rule that an applicant for attorney's fees is entitled only to an award for the time reasonably expended, which is not necessarily equal to the amount of the time actually expended. "[T]here shall be allowed to eachof the parties . . . such reasonable sum for expenses and counsel fees as the court, in its discretion, deems equitable." (Emphasis in original.) Bank of Boston Connecticut v. Brewster, 42 Conn. Sup. 474,509 aff'd, 32 Conn. App. 215. The petitioner concludes by saying, in this case, the court should award substantially less in attorney's fees than what was requested. This court refuses to accept the premise that it is bound by the contingent fee agreement, particularly in view of the statutory charge which expresses and clearly contemplates an award of reasonable fees. (Emphasis supplied.) The retention letter (fee agreement) indicates that counsel is on a first name basis with his clients. CT Page 6525 The concluding line of said letter contains the following language: "As always, we look forward to working with you successfully on this matter." This is followed by, "With kindest regards and best wishes." It concludes with, "Sincerely yours, Henry." This language would certainly support an inference of a close personal relationship opposed to a first time representation.
The senior partner of the firm appears to bill at the rate of two hundred ($200) dollars per hour for office time and two hundred fifty ($250) per hour for court time. An associate, David M. Seliu, billed at the rate of one hundred sixty-five ($165) dollar per hour as did a second associate, Bruce L. Elstein. A third associate, whose participation was very limited, billed at the rate of one hundred fifteen ($115) dollars per hour, and two paralegals billed at approximately fifty-five ($55) dollars per hour.[2]
The senior partner acknowledged that there was some duplication of services during the transfer of the file between the two associates who contributed substantially to this file. He also indicated that there was some other duplication among these charges. These findings are not intended directly or inferentially to impugn the integrity of any or all of these attorneys. The court, in recognizing the duplication, and being quite conscious of its obligation to find and award reasonable fees, considers that duplication as well as the unavoidable "poetic license charges," which seemingly, of necessity, exists in any detailed specification of billable hours. Accordingly, it reduces the senior partner's hourly rate to one hundred seventy-five ($175) dollars and the associates' rate to one hundred thirty-five ($135) dollars per hour. The remaining associate whose contribution in terms of time spent was minimal and the paralegals are not reduced.
Therefore, addressing the problems previously recited, the court finds that the reasonable value of the legal services performed by the respondent's counsel is reasonably worth forty-three thousand two hundred thirty-four dollars and fifty ($43,234.50) cents. In addition thereto, costs in the amount of one thousand twenty-six dollars and sixty-two ($1,026.62) cents, which apparently are not truly contested by the petitioner, are also awarded.
Judgment may enter in accordance with the foregoing. CT Page 6526