[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, brought by the plaintiff, Gregory J. Lyddy, D.D.S., from a decision of the employment security board of review, ("board"), affirming a ruling that the claimant, Donna Arsenault, was eligible for unemployment benefits. Arsenault was originally awarded unemployment compensation benefits by the administrator of the unemployment act ("administrator") on September 23, 1991. In a decision dated February 28, 1992, after a hearing de novo, the award was confirmed by an appeals referee ("referee"). That decision subsequently was affirmed by the board in a decision dated August 24, 1993. After an unsuccessful attempt to open the board's decision, Lyddy brought appealed to this court.
In its decision the board found that Lyddy employed Arsenault as a dental assistant for approximately one year. Arsenault's last day of work was Thursday, July 11, 1991. On July 12, 1991, Arsenault left a message for Lyddy with his answering service indicating that she had an appointment with her doctor and that she would report to work by 9:45 a.m. That day, Arsenault was informed by doctors that she was pregnant and that she should remain in bed. Arsenault did not report to work that day and did not further notify Lyddy of the cause of her CT Page 13711 absence that day. On Monday, July 15, 1991, Arsenault left another message for Lyddy with his answering service, advising him that she would not report to work that week and that Lyddy should hire a temporary employee. Again, Arsenault did not explain the cause of her absence. Lyddy received a letter from Arsenault on July 19, explaining that Arsenault was absent from work due to a medical problem. On July 26, Lyddy received another letter from Arsenault advising Lyddy that he could contact her on July 28 after 9:00 p.m. When he telephoned Arsenault, Lyddy informed her that her job was still available and that if she wanted to return to work in the future, she should contact him the following day. Arsenault failed to do so, and Lyddy terminated Arsenault's employment on July 30.
Upon an examination of the record, including a review of the tape recording of the hearing before the referee, the board determined that Arsenault's failure to contact Lyddy on July 29 constituted an act of willful misconduct. Lyddy's discharge of Arsenault, therefore, the board observed, resulted from that willful misconduct. Nevertheless, the board determined that Arsenault's conduct prior to her termination did not constitute wilful misconduct. Therefore, the board determined that Arsenault was not guilty of repeated willful misconduct and was therefore eligible to receive unemployment compensation benefits.
On September 27, 1993, Lyddy filed a "motion to reopen [sic], vacate and set aside," ("motion to reopen") the board's decision. In connection with that motion, Lyddy submitted office notes that he contended establish that Arsenault was guilty of several instances of willful misconduct prior to her termination. The board declined to open the decision on the ground that Lyddy had waived his right to introduce the notes as evidence by failing to do so at the hearing before the appeals referee.
Thereafter, Lyddy filed with the Interstate Office of the Employment Security Appeals Division, a petition of appeal to this court. Pursuant to General Statutes § 31-249b the board's chairman filed with the court a record of the proceedings before the referee and the board. In addition, at the request of this court, the board's chairman filed a certified copy of the transcript of the hearing before the referee.
The plaintiff argues that his appeal should be sustained CT Page 13712 because: (1) "[t]he appellant, at all times, acted "pro se" before all tribunals, and was not fully aware of the rules of procedure, should, [sic] in all fairness, entitle his appeal to be granted and the matter remanded back to the Labor Board for further hearing;" and (2) "[w]hether the Board of Review's decision to affirm the referee's decision to provide unemployment benefits to an employee was unreasonable, arbitrary or illegal."
 II
"Before addressing the merits of this disagreement, [the court] must consider the applicable standard of review. To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns finding findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the f acts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion,[1] (Citations omitted: footnote omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-86, 551 A.2d 754 (1988); see also Finkenstein v.Administrator, 192 Conn. 104, 113, 470 A.2d 1196; Burnham v.Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). In general, courts must abide by the findings of fact made by administrative agencies, when substantial evidence exists in the record of the administrative proceeding to support the agency's findings. See, e.g., Newtown v. Keeney, 234 Conn. 312, 319, A.2d ___ (1995); Barnett v. Board of Education, 232 Conn. 198,211, 654 A.2d 720 (1995); Kaufman v. Zoning Commission,232 Conn. 122, 151, 653 A.2d 798 (1995). However, it has been held in least two superior court cases that "[i]n the absence of a motion to correct, . . . [Practice Book §] 519(a) controls the scope of review of the administrative record. That section limits the review to a determination of whether there was any evidence to support the conclusions reached by the Board." Emphasis in original.) Wills v. Administrator, Superior Court, judicial district of Middlesex at Middletown, No. 069802 (1995); see also Forsythe v. Administrator, Superior Court, judicial CT Page 13713 district of Middlesex at Middletown, No. 072069 (1995). The result in this appeal would be the same under either the substantial evidence or any evidence standard.
 III
The plaintiff argues that this matter should be remanded to the employment security appeals division for further hearing because the plaintiff acted pro se before the referee and the board. The plaintiff contends that because he was unsure of the burden of proof, he did not submit to the referee evidence of incidents of willful misconduct prior to Arsenault's termination. He argues, therefore that he should be allowed a hearing de novo so that such evidence can be introduced.
In general, "[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." Duve v. Duve, 25 Conn. App. 262, 264,594 A.2d 473 (1991), cert denied, ___ U.S. ___, 112 S.Ct. 1224,117 L.Ed.2d 460 (1992). Nevertheless, in Burnham v. Administrator,
supra, 184 Conn. 322, a case relied upon by the plaintiff, the court stated that the "well-recognized limitations on judicial review do not require courts to abstain entirely from entertaining questions that might have been but were not raised before the administrative tribunal." The court explained that "the standard for review of administrative proceedings must allow for judicial scrutiny of claims such as constitutional error . . . jurisdictional error . . . or error in the construction of the administrative agency's authorizing statute. . . . The leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings." Id. 323.
Lyddy's claim that the court should remand this matter for a hearing de novo does not stem from any constitutional or jurisdictional error or an error in the construction of the agency's authorizing statute. Therefore, Lyddy's failure to present evidence, due to his representation pro se, does not implicate any of the "justifications for judicial intervention" identified above; Id., 323; especially in light of the notice provided to the plaintiff prior to the hearing before the referee.[2] Accordingly, Lyddy's representation pro se before the referee and board does not provide a valid ground upon which to sustain the plaintiff's appeal. CT Page 13714
 IV
Lyddy's second ground for appeal is that the board's decision to affirm the referee's decision was unreasonable, arbitrary or illegal. Lyddy contends that the evidence in the record establishes that Arsenault was guilty of repeated, willful misconduct and that the board's failure to recognize instances of willful misconduct prior to Arsenault's termination was unreasonable and arbitrary. Specifically, Lyddy argues that Arsenault was warned about absenteeism and/or tardiness and that arsenault had a history of tardiness and absenteeism. Lyddy claims that the board failed to consider evidence of numerous occasions upon which Arsenault was absent or tardy, and ignored allegations that, on two occasions, Arsenault left Lyddy's office early without permission from Lyddy and without notifying the answering service.
The administrator argues that there exists in the record substantial evidence upon which the board rested its finding that Arsenault's conduct did not constitute repeated, wilful misconduct. The administrator argues that for the court to sustain Lyddy's appeal, it would be required to substitute its own findings of fact for those made by the board. Therefore, the commissioner argues that the court is bound to dismiss Lyddy's appeal.
"The Unemployment Compensation Act is remedial legislation and as such is to be construed liberally as regards beneficiaries to accomplish its purpose, which is to ameliorate the tragic consequences of unemployment." (Internal quotation marks omitted.) Daw's Critical Care Registry v. Department ofLabor, 42 Conn. Sup. 376, 411, 622 A.2d 622 (1992), aff'd,225 Conn. 99, 622 A.2d 518 (1993). Eligibility for unemployment compensation benefits is governed by Regulations of Connecticut State Agencies § 31-236-1 et seq.[3] Upon its review of the record, the board found that Arsenault "did not have good cause for failing to contact the employer on July 29, 1991, and that [Arsenault's] deliberate failure to comply with the employer's reasonable personnel rule constituted a final act of wilful misconduct." However, the board also found that Arsenault's "extended absence from July 12 to July 29, 1991, without notice to the employer" did not constitute a prior incident of wilful misconduct because Arsenault "had good cause for her absence and for her failure to notify [Lyddy] of the reasons for her CT Page 13715 absence. . . ." In so finding, the board observed that Arsenault "presented sufficient credible evidence to establish that, during that time, she was physically and emotionally ill, and that the employer has not presented any evidence to rebut the claimant's testimony."
The board further found that "the record does not establish the existence of unexcused absenteeism prior to July 12, 1991. Although [Lyddy] has established that [Arsenault] was absent on approximately thirteen occasions since January 1, 1991, [Arsenault] demonstrated that she had a good cause reason for each absence." Therefore, the board concluded that Arsenault was not discharged for repeated wilful misconduct in the course of her employment.
The court's review of the record reveals that evidence concerning Arsenault's absenteeism and tardiness is limited to Lyddy's and Arsenault's testimony at the hearing before the referee. At that hearing, Lyddy testified that he warned Arsenault about her repeated absenteeism and tardiness in December of 1990. Lyddy further testified that between January 1, 1991 and July 12, 1991, Arsenault was absent on 13 occasions. Specifically, Lyddy testified as to absences on May 7, May 20, May 30 and June 17. Lyddy observed that approximately one-half of the time Arsenault was absent or tardy, her excuse was that she was ill. The other half of the time, her excuse was that her children were ill. On May 20, Lyddy testified that Arsenault was tardy because of a teacher conference. When asked about instances when Arsenault was absent without notifying Lyddy, Lyddy testified that on May 30, Arsenault left the office at 3:00 p.m. without permission.
A. Arsenault's absenteeism Prior to July 12, 1991.
At the hearing before the referee, Arsenault acknowledged being warned about tardiness and absenteeism, but testified that her absences were for legitimate reasons and were properly reported. When Arsenault was asked by the referee whether she would contact the answering service on days that she was to be absent, Arsenault responded "Definitely. Yes." As to Lyddy's allegations that on May 30, Arsenault left the office without permission, Arsenault observed that it might have been impossible for her to receive permission from Lyddy to leave early that day if he had been in surgery or if he had already left for the day, but that she would have notified the answering CT Page 13716 service that she was leaving. In sum, Arsenault's testimony supports the board's conclusion that the record does not establish the existence of unexcused absenteeism prior to July 12. Although the court might not have found that Arsenault's testimony established that she had good cause for each absence identified by the employer, that determination depends upon Arsenault's credibility, and the court cannot substitute its own findings of fact for those of the board. United Parcel Service,Inc. v. Administrator, supra, 209 Conn. 385-386; Practice Book § 519. Therefore, pursuant to Connecticut regulations §31-235-27, the board's determination that Arsenault's absenteeism prior to July 12, 1991 did not constitute wilful misconduct was not unreasonable, arbitrary, illegal, or an abuse of discretion.
B. Arsenault's absence from July 12, 1991 to herdischarge.
Arsenault testified that during her absence following the problem she experienced with her pregnancy on July 12, 1991, she did not notify Lyddy of the reason for her absence because, as she put it, "mentally, I was upset. I was really scared. I basically went into a little shell for a while."[4] The board concluded that Arsenault had "good cause for her absence without daily notice to [Lyddy]" because she was "physically and emotionally ill." Even if Arsenault's testimony does not convince this court that she had a valid excuse for failing to notify her employer of the cause of her absence, the board's conclusion to that effect is supported by Arsenault's testimony, and, again, the court may not substitute its own conclusions of fact for those of the board. See United Parcel Service, Inc. v.Administrator, supra 209 Conn. 285-286. Therefore, pursuant to Regulations of Connecticut State Agencies § 31-236-27 the board's determination that Arsenault's absence from work between July 12 to July 29 did not constitute wilful misconduct was not unreasonable, arbitrary, illegal or an abuse of discretion.
The record does not contain any additional evidence of absenteeism or tardiness not addressed by the board. Therefore, the court must accept the board's finding that Arsenault was not discharged for repeated wilful misconduct. Bennett v.Administrator, supra, 34 Conn. App. 626. Accordingly, Lyddy's appeal must be dismissed.
BY THE COURT
CT Page 13717
Bruce L. LevinJudge of the Superior Court