## JOHN P. REYNOLDS *v.* GEORGE H. CONWAY, WARDEN, CONNECTICUT CORRECTIONAL CENTER

HOUSE, C. J., COTTER, THIM, RYAN and SHAPIRO, Js.

Argued June 4—decided June 21, 1971

*Andrew S. Liskov,* public defender, for the appellant (plaintiff).

*Walter D. Flanagan,* assistant state's attorney, for the appellee (state).

COTTER, J. The plaintiff appeals from a judgment rendered for the defendant dismissing the writ of habeas corpus "after a full hearing on all the evidence." In his application for a writ of habeas corpus, the plaintiff alleged that his confinement, pursuant to our governor's warrant, issued under General Statutes § 54-163, authorizing rendition to the executive authority of the state of Colorado, was invalid because he was not a fugitive, and that the action by the Governor of Connecticut was improper under § 54-159 because Colorado "has failed to produce sufficient evidence that the applicant has fled from justice in the demanding jurisdiction" and that the action by the Governor of Connecticut "violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the applicant's arrest was without probable cause as required by the Fourth Amendment of the United States Constitution." In support of the last claim the plaintiff alleges that Colorado failed to include legally sufficient evidence of probable cause to justify the applicant's arrest in that state and that the Connecticut warrant "is based solely on the previously mentioned legally insufficient information received from the state of Colorado."

The Colorado governor's requisition on the Governor of Connecticut for the return of the plaintiff as a fugitive was introduced as an exhibit in the course of the trial and it included, inter alia, annexed, authenticated papers charging the plaintiff by complaint, warrant and affidavit with the felo-

nious crimes of robbery and conspiracy to commit robbery. A photograph of the head and shoulders of the plaintiff, both in front face and profile, was attached to the affidavit of a police officer and detective employed by the Denver police department, in which he states that the plaintiff has been so identified from the photograph by the victims of the robbery.

The decisive issue as presented in the plaintiff's appeal is whether he is a fugitive from justice within the meaning of the federal constitution and the statutes permitting the extradition from one state to another of a person charged with crime. U.S. Const. art. 4 § 2; 1 Stat. 302, as amended, 18 U.S.C. § 3182. In this connection the plaintiff pursues three claims: (1) That although the plaintiff presented conclusive and uncontradicted evidence of his absence from Colorado at the time of the alleged crime, the defendant failed to produce any admissible evidence that he was in the demanding state at that time; (2) that the court in its decision and findings never made a determination as to the plaintiff's fugitivity; and (3) that the trial court failed to give the depositions of three alibi witnesses weight and consideration after the depositions had been offered and introduced in evidence by the plaintiff.

The plaintiff advances the first claim because of what purports to be an inconsistency in the evidential ruling of the trial court and its finding. On the introduction of the requisition papers from the state of Colorado, which included the affidavit of the police officer alleging the whereabouts of the applicant on the day of the alleged crime in Colorado, the plaintiff objected to the admission of the affidavit as part of the requisition papers on the ground that it was hearsay evidence and thereby inadmissible to prove the truth of the state-

ments contained therein. The plaintiff, however, specifically did "not object to the affidavit, per se, as an allied paper to the requisition papers" but objected only "to the affidavit going to the truth of the statements contained therein." The court in sustaining the objection stated, inter alia, that it would "make a finding that the papers are in proper order," and remarked that without reading it the court "will admit it as an affidavit which is a required paper that's necessary for extradition." The court later stated that if it does read it, it "will not give it credence as evidence." No exceptions were taken to the preceding ruling.

In its finding the court found as facts that it accepted the affidavit from the demanding state wherein it is alleged that the applicant was in Colorado at the time of the commission of the crime; that it was accepted as a statement that the applicant was in Colorado at the time; and that it was marked as an exhibit.

The plaintiff agrees that it "was incumbent on the defendant to produce the requisition papers in order to establish a prima facie case of fugitivity and shift the burden of going forward to the plaintiff," in accordance with the rule of such cases as *United States ex rel. Silver* v. *O'Brien,* 138 F.2d 217 (7th Cir.), cert. denied, 321 U.S. 766, 64 S. Ct. 522, 88 L. Ed. 1062, *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 A. 90, *Krutka* v. *Bryer,* 150 Colo. 293, 372 P.2d 83, and see 35 C.J.S., Extradition, § 16 (d); and in addition the plaintiff concedes that the defendant established a prima facie case. Although the plaintiff complains that the police officer's affidavit attached to the requisition document of the Governor of Colorado was inadmissible for the truth of the statements contained therein because he claims it

was predicated on hearsay information, in a similar set of circumstances the admissibility and validity of such an affidavit has been upheld, the court stating that "in considering the sufficiency of the extradition warrant and the papers accompanying it to qualify under Title 18 U.S.C. § 3182, it is not for the asylum state on habeas corpus to pass upon the quality, persuasiveness or weight of the evidential matter on the basis of which the Governor . . . issued the extradition warrant, for it is solely a question of law whether on the face of the papers accompanying the warrant there was sufficient to say that a crime was 'substantially charged'" against the plaintiff under the laws of the demanding state "and that he was alleged a fugitive. . . . *Appleyard* v. *State of Massachusetts,* 203 U.S. 222, 27 S. Ct. 122, 51 L. Ed. 161 (1906) ; *In re Strauss,* 197 U.S. 324, 25 S. Ct. 535, 49 L. Ed. 774 (1905) ; *Munsey* v. *Clough,* 196 U.S. 364, 25 S. Ct. 282, 49 L. Ed. 515 (1905)." *United States ex rel. Vitiello* v. *Flood,* 374 F.2d 554, 556 (2d Cir.). The affidavit was fully admissible as an exhibit and, therefore, the court's acceptance of the affidavit and its findings in connection therewith were proper. In proceedings of this kind the governor must decide the two questions presented to him: (1) Whether the person demanded has been substantially charged with a crime and (2) whether he is a fugitive from justice "upon such evidence as is satisfactory to him. Strict common-law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him . . . but it must at least be evidence which is satisfactory to the mind of the governor. *Roberts* v. *Reilly,* 116 U.S. 80, 95 [6 S. Ct. 291, 29 L. Ed. 544]." *Munsey* v. *Clough,* 196 U.S. 364, 372, 25 S. Ct. 282, 49 L. Ed. 515.

The court was not compelled to find that the testimony of the three alibi witnesses as contained in the depositions conclusively proved that the plaintiff was not a fugitive, as the plaintiff seems to imply. The inquiry whether or not the plaintiff is a fugitive from justice is one of fact, to be resolved by the chief executive of the state to whom the demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law. *South Carolina* v. *Bailey,* 289 U.S. 412, 53 S. Ct. 667, 77 L. Ed. 1292; *Munsey* v. *Clough,* supra, 372, 374; *Brewer* v. *Goff,* 138 F.2d 710, 712 (10th Cir.); *Ross* v. *Hegstrom,* 157 Conn. 403, 411, 254 A.2d 556; *Moulthrope* v. *Matus,* 139 Conn. 272, 275, 93 A.2d 149, cert. denied, 345 U.S. 926, 73 S. Ct. 785, 97 L. Ed. 1357; 31 Am. Jur. 2d, Extradition, § 62. Pursuant to the authorities cited above, the plaintiff in order to defeat the prima facie case made by the governor's warrant of extradition must prove conclusively that he is not a fugitive from the demanding state.

The testimony of the alibi witnesses contained in the depositions introduced by the plaintiff was in contradiction to the information of the whereabouts of the plaintiff as stated in the affidavit described above. In this regard it has been stated that "the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." *South Carolina* v. *Bailey,* supra, 421; *Munsey* v. *Clough,* supra, 375; *People ex rel. Garner*

v. *Clutts,* 20 Ill. 2d 447, 170 N.E.2d 538; 39 Am. Jur. 2d, Habeas Corpus, § 154. In *South Carolina* v. *Bailey,* supra, 419, in discussing the question whether Bailey, who did not take the stand, was a fugitive, the court remarked: "The record presents an irreconcilable conflict of evidence. It is not possible to say with certainty where the truth lies." In the present case the plaintiff did not take the stand. Contrary to the argument of the plaintiff, it can be concluded that the defendant did produce admissible evidence that the plaintiff was in Colorado at the time of the alleged crime and it cannot be said, under the circumstances, that the plaintiff as a matter of law presented conclusive and uncontradicted evidence of his absence from the demanding state at the time of the alleged crime.

The determination of fugitivity, which is questioned by the plaintiff, is implicit in the record before this court. Although a specific finding of fact by the trial court that the plaintiff was a fugitive from the demanding state would have plainly fixed and settled the issue in a way to leave no uncertainty, the judgment rendered by the court in which it found the issues for the respondent, its conclusions that the governor had probable cause to issue his warrant of arrest for the applicant's extradition and that the applicant had been substantially charged with a crime committed in another state have the cumulative effect of deciding that the plaintiff was a fugitive.

The final claim of the plaintiff pursued in this appeal is that although the depositions of three alibi witnesses were accepted as full exhibits by the court it did not afford proper consideration to this evidence. The plaintiff bases this particular claim on the remarks of the court which appear in a por-

tion of the transcript as printed by the plaintiff in his appendix. In his brief the plaintiff phrases the remarks of the court to which he makes objection in the following way: "[T]he validity of such depositions were [sic] not within the purview of a habeas corpus proceeding." It is difficult to determine precisely what is intended by the foregoing statement culled out of the transcript by the plaintiff. We have reiterated the rule that Connecticut will not decide any of the issues involved in the criminal charges pending against the plaintiff in Colorado and that this necessarily includes the merits of any alibi defense which might be raised in those proceedings, but that the merit of a defense of alibi is factually related to the question of fugitivity raised in the extradition proceedings which is separate and distinct. *Biddinger* v. *Commissioner of Police,* 245 U.S. 128, 38 S. Ct. 41, 62 L. Ed. 193; *Ross* v. *Hegstrom,* supra, 409, 410. From the record before us in this regard it has not been demonstrated that the court refused factually to relate the evidence represented by the depositions to the issue of fugitivity. At best it might be noted that the colloquy between the court and counsel as transcribed and printed in the appendices is rather obscure in meaning and intendment. The depositions were admitted into evidence as full exhibits by the court and it was not improper for the court to remark on the rule as to alibi defense as stated in the many authorities on the subject, including *Munsey* v. *Clough,* supra, *Ross* v. *Hegstrom,* supra, *People ex rel. Garner* v. *Clutts,* supra, and 39 Am. Jur. 2d, Habeas Corpus, § 154. In any event, it is immaterial whether the trial court considered the alibi depositions on the question of fugitivity because we think they are insufficient, as a matter of law, to allow the trier to

conclude that the plaintiff has conclusively proved his absence from the demanding state at the time alleged.

There is no error.

In this opinion the other judges concurred.