BRADLEY, APPELLANT, *v.* HICKEY, SHERIFF, APPELLEE.

(No. 81-1885—Decided June 30, 1982.)

278

*Mr. David A. Bradley, pro se.*

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. George F. Runner,* for appellee.

*Per Curiam.* Appellant asserts here only that he is not the person charged and that he was not in the state of Georgia when the alleged offenses occurred.

This court has held in *In re Rowe* (1981), 67 Ohio St. 2d 115, in paragraph three of the syllabus, as follows:

"3. When the invalidity of arrest under the Governor's warrant is asserted by a petitioner in habeas corpus upon the ground that the petitioner was not a fugitive from justice, in that he was not in the demanding state on or about the date of the offense charged, the burden is upon the petitioner to rebut the presumption that petitioner is *prima facie* in lawful custody by proof beyond a reasonable doubt. If the evidence in the record upon the issue of fugitivity is conflicting and there is present substantial evidence which, if true, tends to prove petitioner was in the demanding state on or about the date of the crime charged, the petitioner has not met the burden placed upon him and is not entitled to be discharged from custody."

Appellant's unsupported testimony is not sufficient to establish beyond a reasonable doubt that he is not the person charged and was not in the state of Georgia at the time of the offenses. Appellant has not met the burden of proof placed on him and was not entitled to be discharged from custody.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.