ROBERT BARRILA *v.* RICHARD E. BLAKE ET AL.
(10894)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued May 3—decision released July 12, 1983

*David A. Piskorski,* for the appellant (petitioner).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (defendant).

PETERS, J. This is an appeal from the dismissal of the petitioner's application for a writ of habeas corpus challenging a fugitive extradition warrant under which the petitioner is being held for rendition to the authorities of the state of Indiana. The petitioner, Robert Barrila, claims that he is not a fugitive from justice in Indiana, and that consequently his custody in the hands of the defendant, Richard E. Blake, a Con-

necticut state trooper, is illegal. The trial court, after an evidentiary hearing, rendered a judgment for the defendant from which the petitioner has appealed.

The procedural posture of this case is uncontested. In accordance with the procedures set out in the Uniform Extradition Act, General Statutes § 54-157 et seq., the governor of Connecticut received from the governor of Indiana a written demand, dated November 5, 1980, for the extradition of the petitioner Robert Barrila. As required by General Statutes § 54-159,[1] the extradition demand included an information charging that the petitioner, on or about August 7, 1979, had committed arson for hire, arson, conspiracy and fraud, as well as an allegation that the petitioner had committed these crimes while personally present in Indiana and had thereafter fled from that state to Connecticut. Having decided to comply with the extradition demand, the governor of Connecticut, pursuant to General Statutes § 54-163,[2] issued, on

[1] "[General Statutes] Sec. 54-159. REQUIREMENTS FOR RECOGNITION OF EXTRADITION DEMAND. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 54-162, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

[2] "[General Statutes] Sec. 54-163. ARREST WARRANT SIGNED BY GOVERNOR. If the governor decides that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal,

March 20, 1981, a warrant for the arrest of the petitioner. The petitioner was arrested on April 1, 1981, and was presented in Superior Court where he refused to waive extradition.[3] Instead, relying on General Statutes § 54-166,[4] the petitioner filed the instant application for a writ of habeas corpus to test the legality of his confinement.

and be directed to any peace officer or other person whom he may think fit to entrust with the execution thereof. The warrant shall substantially recite the facts necessary to the validity of its issuance."

[3] "[General Statutes] Sec. 54-181. WAIVER BY ACCUSED. Any person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole may waive the issuance and service of the warrant provided for in sections 54-163 and 54-164 and all other procedure incidental to extradition proceedings, by executing or subscribing in the presence of a judge of any court having criminal jurisdiction within this state a writing which states that he consents to return to the demanding state; provided, before such waiver is executed or subscribed by such person, such judge shall inform such person of his rights to the issuance or service of a warrant of extradition and to obtain a writ of habeas corpus as provided in section 54-166. If and when such consent has been executed, it shall forthwith be forwarded to the office of the governor of this state and filed therein. The judge shall direct the officer having such person in custody to deliver forthwith such person to the duly accredited agent or agents of the demanding state, and shall deliver or cause to be delivered to such agent or agents a copy of such consent; provided nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state."

[4] "[General Statutes] Sec. 54-166. APPEARANCE OF ACCUSED IN COURT. HABEAS CORPUS. No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him has appointed to receive him unless he is first taken forthwith before a judge of any court having criminal jurisdiction in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel states that he or they desire to test the legality of his arrest, the judge of such court shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hear-

The Uniform Extradition Act implements the mandate of the extradition clause of the constitution of the United States, article four, § 2, clause 2, which provides: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." In order to effectuate the act's purpose of providing a mechanism for the summary disposition of extradition cases, the controlling case law has established that hearings contesting extradition warrants are limited to a determination of "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan* v. *Doran,* 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978); *Cuyler* v. *Adams,* 449 U.S. 433, 443 n.11, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981); *Hill* v. *Blake,* 186 Conn. 404, 409 n.5, 441 A.2d 841 (1982); *Narel* v. *Liburdi,* 185 Conn. 562, 565, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982). In the present case, the petitioner questions only the fourth determination, his status as a fugitive. Fugitive status is a question properly to be decided by the courts in Connecticut, the custodial state. *Narel* v. *Liburdi,* supra; *Ross* v. *Hegstrom,* 157 Conn. 403, 410, 254 A.2d 556 (1969); *Dutil* v. *Rice,* 34 Conn. Sup. 78, 82, 376 A.2d 1119 (1977).

A person is a fugitive from justice if he commits a crime in one state and is thereafter found in another

ing thereon, shall be given to the state's attorney of the county in which the arrest is made and in which the accused is in custody, and to the agent of the demanding state."

state. *Appleyard* v. *Massachusetts,* 203 U.S. 222, 229, 27 S. Ct. 122, 51 L. Ed. 161 (1906); *Ross* v. *Hegstrom,* supra, 411–12; *Moulthrope* v. *Matus,* 139 Conn. 272, 275–76, 93 A.2d 149 (1952), cert. denied, 345 U.S. 926, 73 S. Ct. 785, 97 L. Ed. 1357 (1953). Since concededly the petitioner was "found in another state," the only issue in this case is the first prong of fugitive status, the commission of a crime in the demanding state. The issuance of a governor's warrant constitutes prima facie evidence that the person named therein is a fugitive, and introduction of the warrant into evidence shifts the burden of showing the contrary to the petitioner contesting the legality of his arrest. *Michigan* v. *Doran,* supra, 289; *Illinois ex rel. McNichols* v. *Pease,* 207 U.S. 100, 109, 28 S. Ct. 58, 52 L. Ed. 121 (1907); *Reynolds* v. *Conway,* 161 Conn. 329, 332, 288 A.2d 77 (1971). The trial court found that the petitioner could not prevail because he had failed to establish, beyond a reasonable doubt, his claim that he was not in the demanding state at the time of the commission of the offenses with which he was charged.

The extradition demand from Indiana charged the petitioner with having committed arson for hire, arson, conspiracy and fraud on or about August 7, 1979. The trial court found, in accordance with the testimony at trial, that the petitioner had left Indiana during the evening of August 6, 1979, had spent the night in Canton, Ohio, some 250 miles away from the scene of the alleged crimes, and had returned to Indiana late on the afternoon of August 7, 1979. Although the petitioner also testified that the fire in Indiana which gave rise to the charges against him had occurred in the early morning hours of August 7, 1979, while the petitioner was in Canton, the trial court concluded that this testimony was not sufficiently probative to establish the time when the crimes had in fact been committed.

The court noted that the extradition demand charged the petitioner with crimes committed on the stated day without limitation as to hour, and that the petitioner conceded his presence in Indiana during part of the stated day. In these circumstances, the petitioner had not overcome the state's prima facie showing that he was a fugitive from justice. See *Illinois ex rel. McNichols* v. *Pease,* supra, 111–12.

The petitioner's appeal takes issue with the trial court's ruling of law with respect to the petitioner's burden of proof and the trial court's finding of fact with respect to the time when the alleged crimes were committed. We find no error.

We address first the issue of the proper standard of proof which the petitioner must satisfy before he can be found to have overcome the prima facie case derived from the governor's warrant and the extradition demand. In *South Carolina* v. *Bailey,* 289 U.S. 412, 422, 53 S. Ct. 667, 77 L. Ed. 1292 (1933), the Supreme Court of the United States held that a person contesting his fugitive status "should not have been released unless it appeared beyond reasonable doubt that he was without the [demanding state] when the alleged offense was committed and, consequently, could not be a fugitive from her justice." This court has previously held that "[t]he inquiry whether or not the plaintiff is a fugitive from justice is one of fact, to be resolved by the chief executive of the state to whom the demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law." *Reynolds* v. *Conway,* supra, 334; *Ross* v. *Hegstrom,* supra, 411; *Moulthrope* v. *Matus,* supra, 275. The trial court chose to apply the "beyond

reasonable doubt" standard of *South Carolina* v. *Bailey,* a standard no less favorable to the petitioner than that of conclusiveness.

The petitioner, relying upon the fact that a proceeding in habeas corpus is a civil case, urges us to adopt the ordinary civil standard of preponderance of the evidence. He cites no case in which this lesser standard has been applied in habeas corpus cases arising out of extradition proceedings. In light of the existing federal and state precedents, which reflect the strong public policy of comity favoring removal of an alleged fugitive to a demanding state; see *Michigan* v. *Doran,* supra, 287–90; we decline to adopt a preponderance of the evidence standard. Most other jurisdictions require the petitioner to prove that he is not a fugitive beyond a reasonable doubt; e.g., *People ex rel. O'Mara* v. *Ogilvie,* 35 Ill. 2d 287, 289, 220 N.E.2d 172 (1966); *In re Hart,* 178 Mont. 235, 251, 583 P.2d 411 (1978); *Bazaldua* v. *Hanrahan,* 92 N.M. 596, 599, 592 P.2d 512 (1979); *Bradley* v. *Hickey,* 70 Ohio St. 2d 277, 278, 436 N.E.2d 1359 (1982); or by evidence that is clear and convincing; e.g., *Lomax* v. *Cronin,* 194 Colo. 523, 525, 575 P.2d 1285 (1978); *Dickerson* v. *State,* 267 A.2d 881, 882 (Del. 1970); *Walton* v. *State,* 98 Idaho 442, 445, 566 P.2d 765 (1977); *Torrey* v. *Williams,* 388 A.2d 921, 922 (Me. 1978); *Williams* v. *Wayne County Sheriff,* 395 Mich. 204, 243, 235 N.W.2d 552 (1975); *Baker* v. *Laurie,* 118 R.I. 539, 544, 375 A.2d 405 (1977); *State ex rel. Clayton* v. *Wolke,* 69 Wis. 2d 363, 371, 230 N.W.2d 869 (1975); or by evidence that is conclusive. E.g., *State ex rel. Wagner* v. *Hedman,* 292 Minn. 358, 361–62, 195 N.W.2d 420 (1972); *Ex parte Martinez,* 530 S.W.2d 578, 582 (Tex. Crim. App. 1975); *Lott* v. *Bechtold,* 289 S.E.2d 210, 212 (W. Va. 1982). We hold

therefore that the trial court did not err in requiring the petitioner to prove his claim beyond a reasonable doubt.

The petitioner's second claim of error is that the trial court was obligated to find that he had conclusively proven his absence from Indiana, the demanding state, at the time of the commission of the alleged offenses. The petitioner testified that, on the morning of August 7, 1979, while he was in Canton, Ohio, he learned that a fire had occurred on his Indiana premises earlier that morning, at about four or five o'clock. Although the court believed the petitioner's testimony that he had been in Ohio, it refused to accept his assertion that the fire in Indiana necessarily occurred during the time when the petitioner was out of the state. The petitioner returned to Indiana on the day specified and could have committed the offense on that day. The trial court therefore ruled that the petitioner was not entitled to be released from custody.[5]

The petitioner concedes that *Illinois ex rel. McNichols* v. *Pease,* supra, 109–12, establishes that the state's prima facie case is not overcome by proof that the accused was not at the place of the alleged crimes for part of the day in question, where the record does not disclose the hour of the crimes and it appears that the accused might have been at the place named during part of the day. This concession, coupled with the trial court's finding that the precise hour of the crimes herein had neither been alleged nor proven, means that

---

[5] Alternative grounds for supporting the judgment of the trial court might be found in the charges of conspiracy and of fraud, which might have been committed "on or about August 7, 1979," regardless of the petitioner's personal absence from Indiana at the hours when he claimed that the fire had occurred. Because the trial court did not find it necessary to pursue these alternative reasons for dismissal of the petition for habeas corpus, we need only note their general availability.

the petitioner cannot prevail unless the trial court was in error in finding that he had not met his burden of proving when the fire occurred.

On this final point, the petitioner argues that the trial court was bound to accept his uncontradicted testimony. That, however, has never been our law. A trier of fact is free to reject testimony even if it is uncontradicted; *State* v. *Dudla,* 190 Conn. 1, 7, 458 A.2d 682 (1983); *Stanton* v. *Grigley,* 177 Conn. 558, 563, 418 A.2d 923 (1979); *Taylor* v. *Corkey,* 142 Conn. 150, 154, 111 A.2d 925 (1955); and is equally free to reject part of the testimony of a witness even if other parts have been found credible. *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 422, 446 A.2d 799 (1982); *Raia* v. *Topehius,* 165 Conn. 231, 235, 332 A.2d 93 (1973). In this case the trial court, in determining whether it remained in doubt, was entitled to take into account, as it did, the interest or bias of the witness. The court was therefore warranted in concluding that the petitioner had failed to sustain his burden of proof.

There is no error.

In this opinion the other judges concurred.