[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Richard Trafton, has applied for a writ of habeas corpus alleging he is in the custody and under supervision of the central district major crime section, extradition unit for the state of Connecticut, since his arrest on October 21, 1994, on a warrant issued by the governor of the state of Connecticut. The petitioner asserts that his custody, supervision and/or imprisonment are illegal in that he is not a fugitive as that term is defined by § 54-157 of the General Statutes and that the rendition warrant and supporting documentation are false, inaccurate and legally insufficient.
The respondent's return denied that petitioner was not a fugitive and that the rendition warrant and supporting documentation are false, inaccurate and legally insufficient.
In his trial memorandum the petitioner raises several issues. The first issue concerns the rendition warrant documents submitted in conjunction with and in support of the governor's rendition warrant. Petitioner asserts these documents originating in Texas do not comply with the requirements of Article IV., Section 2 of the United States Constitution and § 54-159 of the General Statutes.
Petitioner's second issue relates to whether he is a "fugitive" for purposes of fugitive extradition. Petitioner contends that he is not a fugitive since he could not have been within the boundaries of the state of Texas to have committed the crime of interference with child custody.
Petitioner's third issue is a corollary to the second issue. His contention is that since he did not commit a crime within the jurisdiction of Texas he did not thereafter "flee" without, or out of the state of Texas and hence cannot be a fugitive.
Case law has established that hearings contesting extradition warrants are limited to a determination of "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."Barrila v. Blake, 190 Conn. 631, 634 (1983) CT Page 4074-LL
On a petition for habeas corpus a court in the asylum state may invalidate a governor's rendition warrant only if it finds an infirmity in one of the four areas into which it may inquire.Giardino v. Bourbeau, 193 Conn. 116, 123-4 (1984) "[A]ny other judicial inquiry in the asylum state exceeds the court's jurisdiction." Parks v. Bourbeau, 193 Conn. 270, 289 (1984).
Petitioner has stipulated before the court that he is the person named in the request for extradition. The governor's warrant indicates that the governor of Texas has represented that Richard J. Trafton stands charged with the crime of interference of child custody and violation of probation committed in Texas on or about January 26, 1986, and that he has fled from justice in that state and taken refuge in Connecticut.
The governor of Connecticut asserts in his warrant that the demand of the governor of Texas is accompanied by properly attested copies of the proceedings in the state of Texas and with proper supporting documents whereby the said petitioner Richard Jay Trafton is charged with the said crime and with having fled from said state and taken refuge in the state of Connecticut, which said proceedings are certified by the governor of Texas to be duly authenticated: which demand the governor of Connecticut finds is conformable to law and ought to be complied with.
At the hearing the court took testimony and received exhibits from the parties. The respondent submitted a warrant from the governor of the state of Connecticut, Exhibit 1A, a letter to the governor of the state of Connecticut, from the extradition coordinator of the state of Texas, Item 2A, attached to which was a letter from Richard Blumenthal, attorney general to the governor of the state of Connecticut, advising the governor that there was no legal bar to issuing a warrant for the extradition of Richard Trafton. Attached to Exhibit 2 was an investigation conducted by the department of Connecticut state police indicating that on or about January 20, 1986, in Tarrant County, Texas, the petitioner had been charged with interference with child custody, two counts and violation of probation. Attachments included various fingerprinted identification, an incident report from the police department in Cheshire involving a stop of Mr. Trafton for an emissions violation; noting a possible warrant originating out of Texas for Trafton involving a child custody case. These enclosures also included a fax from David William, sheriff with Tarrant County, Texas, indicating that the Tarrant CT Page 4074-MM County would seek extradition for Mr. Trafton.
Exhibit 3 is a demand from the governor of Texas addressed to the governor of the state of Connecticut that Mr. Trafton be arrested and secured and delivered to Sheriff David Williams and/or his designated agent, who was hereby authorized to receive, convey and transport said fugitive to this state here to be dealt with according to law. Attached to this demand was an application for requisition of Richard J. Trafton by Tim Curry, criminal district attorney for Tarrant County. Curry's application for the requisition and return to this state of Richard J. Trafton represented that Trafton stands charged with the offense of interfering with child custody, Cases No. 0274554D and No. 0274541D, entered the plea of guilty to the offenses but was granted deferred adjudication and released on probation. Curry represented that Trafton failed to abide by the terms of probation as more fully appears from the petition to proceed to adjudication and before an arrest could be made on process issued and with a view to avoiding same, Trafton fled from the justice of this state and has taken refuge in the state of Connecticut.
The criminal district attorney attached to the application for requisition a duly certified copy of the original judgment sentences and orders now on file in the office of the district clerk of said county. By way of further attachments were two warrants of the State of Texas vs. Richard J. Trafton, both issued the 28th day of September 1990, on a charge of the state's application to revoke probation and the state's application to proceed to adjudication. Exhibit 4 was an attached photograph and fingerprint card of Richard J. Trafton who having pleaded guilty, the court hearing such plea did enter an unadjudicated judgment and therefore did defer punishment for the offense of two violations of interfering with child custody, a felony in the state of Texas. Exhibit 5, is a document numbered 0274540D, which is described as an unadjudicated judgment on plea of guilty or nolo contendere and suspending imposition of sentence which was dated August 1, 1986 involving the defendant, Richard J. Trafton. The offense resulted in a probationary term of ten years. Attached to this document was an indictment, No. 0274540D, from the grand jurors of Tarrant County, Texas, presenting Mr. Richard J. Trafton on an offense described as interference with custody. A further attachment to this exhibit were temporary orders issued in a domestic matter on July 16, 1985, involving the marriage of Richard J. Trafton and Leslie Annette Trafton, and in the interest of David Allen Trafton and Michael Edward Trafton. Also CT Page 4074-NN attached was another unadjudicated judgment on plea of guilty suspending the imposition of sentence which was entered on August 1, 1986, against Richard J. Trafton, punishment on which was deferred and a probationary term of ten years was imposed. This judgment was based upon an indictment, 0274541D, charging Richard J. Trafton with the offense of interference with custody, and as in the case of the previous indictment the grand jurors found probable cause to present him to a court.
Exhibit 6 is a petition to proceed to adjudication indicating that Richard J. Trafton appeared in the criminal district of District Court, Number Three of Tarrant County. The Texas court heard evidence on the case and found that evidence substantiated the defendant's guilt; however, the court found that further proceedings should be deferred without making an adjudication of guilt and placed the defendant on probation as set out in the order setting conditions of probation for a period of ten years. Exhibit 7 is a copy of a letter sent from the state of Connecticut, judicial department, office of adult probation, 341 Broad Street, Room 206, Manchester, Connecticut, to the Tarrant County adult probation department, 200 West Belknap Street, Fort Worth, Texas. This enclosure was certified as a true copy of the record of Richard J. Trafton in Case No. CR12-11148. The information attached indicated that on January 7, 1990, Mr. Trafton pleaded guilty under the Alford Doctrine to count no. five, described as the sale of controlled substance and was sentenced to four years to serve. Exhibits 8 and 9 are warrants in the State of Texas vs. Richard J. Trafton, dated the 28th day of September, 1990, seeking the arrest of Mr. Trafton to answer to a charge of the state's application to revoke probation and the state's application to proceed to adjudication.
At the hearing before the undersigned, the petitioner testified that he had pleaded guilty to the charges of interfering with child custody in Texas; that he was on probation as part of the unadjudicated status; that terms of probation incorporated previous child support orders and that he commit no criminal offenses while on probation; that supervision of his probation was transferred from Texas to Manchester; and while on probation in Connecticut he was convicted of violating the State Narcotic and Drug Act and was in arrears in child support.
A person is a fugitive from justice if he commits a crime in one state and is thereafter found in another state. Barrila v.Blake, 190 Conn. 631, 634 (1983). "[T]he inquiry whether or not CT Page 4074-OO the plaintiff is a fugitive from justice is one of fact to be resolved by the chief executive of the state to whom demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law." Glavin v. Warden, 163 Conn. 394,396-7 (1972).
The rendition documents establish that the petitioner pleaded guilty to two counts of interfering with child custody in the state of Texas and received a probationary sentence of ten years without an adjudication of guilt. The petitioner violated the terms of probation by being convicted in Connecticut of a drug violation, and the district attorney of Tarrant County filed a petition to proceed to adjudication. Two warrants were issued for his arrest to answer to the state's charges on its application to proceed to adjudication and application to revoke probation.
The court concludes that the petitioner stands charged with a total of four offenses in the state of Texas and being in this state, he is therefore a fugitive from justice within the meaning of the UCEA. The court concludes that the petitioner has been unable to prove conclusively that he is not a fugitive. Accordingly, the governor's judgment as chief executive is not subject to judicial impeachment. Reynolds v. Conway, 161 Conn. 329.
Under General Statutes § 54-159, an extradition request is valid if it alleges:
 that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under CT Page 4074-PP the law of that state; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.
The documents forwarded to the governor from Texas have been duly authenticated by a judge and/or a clerk of said court as well as the governor of the state of Texas. Fain v. Bourbeau,195 Conn. 465, 473. The court concludes that the rendition documents comport with the requirements of § 54-159 of the General Statutes.
The petitioner also claims that the acts for which he originally pleaded guilty did not constitute the crime of interfering with child custody as that statute then existed. Whether these claims have any merit is a matter for the Texas courts to decide as this court has no jurisdiction to address them in this proceeding. Parks v. Bourbeau, 193 Conn. 270, 289
(1984). This court "may not inquire into the merits of the charge or into any claimed procedural infirmities constitutional or otherwise lurking in the prosecution." Engel v. Bourbeau,201 Conn. 162, 168.
The court finds that the petitioner is a fugitive from justice; the extradition documents on their face are in order. The petitioner has been charged with crimes and violation of probation in Texas, the demanding state; the petitioner is the person named in the request for extradition. Therefore the petition for habeas corpus relief is denied and the petitioner ordered returned to the custody of the respondent for delivery to the custody of the sheriff of Tarrant County, Texas.
Dorsey, J. State Trial Referee