[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for a writ of habeas corpus challenging a fugitive extradition warrant under which petitioner is being held for rendition to the authorities of the State of New Jersey.
On August 23, 1996, petitioner was arrested on a warrant issued by the Governor of the State of Connecticut pursuant to the Uniform Criminal Extradition Act, General Statutes §§ 54-157
et seq, alleging that petitioner stands charged with the crime of theft by deception committed in Atlantic County, New Jersey on or CT Page 7361 about December 13, 1995 and that he fled from justice in that state and has taken refuge in the State of Connecticut. Resp. Ex. C.
Connecticut General Statutes Section 54-159 states:
 No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 54-162, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.
Hearings contesting extradition warrants that are conducted in the asylum state are confined to four issues, namely: "`(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.'" Barilla v. Blake, 190 Conn. 631, 634 (1983) citingMichigan v. Doran, 439 U.S. 282 at 289 (1978).
The petitioner claims that his detention is wrongful in that he is not a fugitive and in that the extradition documents are CT Page 7362 inadequate on their face and fail to substantially charge him with a crime in the demanding state.
"The issuance of a governor's warrant constitutes prima facie evidence that the person named therein is a fugitive, and introduction of the warrant into evidence shifts the burden of showing the contrary to the petitioner contesting the legality of his arrest. Michigan v. Doran, supra, 289; Illinois ex. relMcNichols v. Pease, 207 U.S. 100, 109 (1907); Reynolds v. Conway,161 Conn. 329, 332 (1971); Barrila v. Blake, supra, 635.
In support of his claim, petitioner testified that he was not in New Jersey on December 13, 1995 and that he was continuously in Saratoga, New York during December 1995. In order to overcome the prima facie case derived from the governor's warrant and the extradition demand, the petitioner must show beyond a reasonable doubt or conclusively establish that he was not in the demanding state on the date in question and therefore could not be a fugitive from justice under the law. Barrila v. Blake, supra, 636-637; Reynolds v. Conway, supra, 334.
In making this determination, the court is free to reject the petitioner's testimony, even if uncontradicted, and is entitled to take into account the interest or bias of the witness. Barillav. Blake, supra, 639. Here, taking those factors into consideration, the court finds that petitioner's testimony alone falls far short of this burden and is inconclusive and insufficient to overcome the prima facie case established by the issuance of the governor's warrant.
The petitioner next attacks the validity of his detention on the warrant on grounds the documents are facially defective in that respondent has not produced any of the documents forwarded by the governor of New Jersey to the governor of Connecticut on which the finding of probable cause was made. Petitioner refers to other Connecticut cases in which more charging documents and affidavits were offered in defense of the application for writ of habeas corpus. Here, only the letter demand from New Jersey and the Governor's warrant from Connecticut were offered, not any of the supporting documentation referred to in the demand, such as the New Jersey indictment and arrest warrant. Resp. Ex. A.
However, once a neutral judicial officer of the demanding state has determined that probable cause exists, the courts in Connecticut "are without power to review the determination." CT Page 7363Michigan v. Doran, supra, 290. Thus, the courts of this State will not review the finding of probable cause by the demanding State of New Jersey. The petitioner's claim that his arrest in New Jersey was without probable cause is properly to be addressed in New Jersey. His guilt or innocence is not the issue. See General Statutes § 54-176.
 "Extradition is, ultimately, a matter of comity or compact between the states; it is mandated by the United States constitution by Art. IV, § 2 Cl.2 and the Uniform Criminal Extradition Act was drafted and enacted to implement the constitutional requirements of Art. IV and to set forth procedures to be followed in this area. Bailey v. Laurie, 118 R.I. 184 (1977). `It is the constitutional duty of an asylum state to enforce the constitution's interstate rendition clause faithfully.' Brown v. Sharkey, 106 R.I. 714, 716 (1970)," Parks v. Bourbeau, 193 Conn. 270, 277 (1984).
The inquiry whether the plaintiff is a fugitive from justice is one of fact to be resolved by the governor of the asylum state. In reviewing the indictment or affidavit, certified as authentic by the demanding state, the governor exercises not a judicial but an executive function and is not bound by strict common-law evidence. Glavin v. Warden, 163 Conn. 394, 399-400
(1972). Thus, it is not the function of the governor or this court to review probable cause, only to ascertain that petitioner has been charged with a crime by the demanding state. The issuance of the governor's warrant is the determination that the documents are in order. Petitioner has shown nothing which would overcome the prima facie case established by the issuance of the governor's warrant of rendition. Accordingly, his detention is lawful and the writ of habeas corpus is dismissed. "Such is the command of the supreme law of the land, which may not be disregarded by any State," Appleyard v. Massachusetts, 203 U.S. 222,227, as quoted in Glavin v. Warden, supra, 399.
SEQUINO, J.