[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The remaining issue to be determined in this case is a finding of arrearages. The parties have one minor child born out of wedlock on October 13, 1997. A paternity action was brought and after DNA tests showing a 99.98% probability that the defendant is the child's father, the court, Sullivan, F.S.M., entered a paternity judgment on September 1, 1998. After a short continuance, the court ordered the defendant to pay support in the amount of $27.00 per week plus $5.00 per week on an arrearage of $1,404.00 to the State as of October 6, 1998.
There was no further court activity until a motion to modify to increase the order and a contempt citation recently filed by the State initiated the matters presently before the court. The modification was granted. The current support order was increased to $82.50 per week effective February 1, 2002. The contempt was resolved by a lump sum order, with which the defendant complied.
The support officer expressed some frustration at being unable to reconcile some differences between the figures. The support enforcement division was ordered to audit the account and to produce evidence of ongoing temporary family assistance to support any State arrearages subsequent to the initial finding. At the continued hearing on March 22, the support officer introduced support enforcement's audit, State's Exhibit 2, and a "statement of assistance" prepared by the Department of Social Service, State's Exhibit 3. The Department of Social Services did CT Page 5224 not provide a witness to explain its documents.
The statement of assistance proffered by the Department of Social Services does not purport to list the periodic charges of the support order. Rather, it purports to show all cash public assistance paid to the plaintiff's family unit. It is not determinative of the arrearage. Adamsv. Allen, 15 S.M.D. ___ (2001); Thibault v. Thibault, 10 S.M.D. 313 (1996)[1]. It should be noted that the total amount of public assistance is substantial, dating back to 1989. However, that is not an issue in this case. While the total family assistance amount may be recoverable by the State pursuant to General Statutes § 17b-93[2]
as a civil debt[3], it is not includable in the support arrearage.Adams v. Allen, 15 S.M.D. (2001).
This court has carefully reviewed the data provided by the two agencies. The court has the right to accept part and disregard part of the testimony of any witness. Barrila v. Blake, 190 Conn. 631, 639,461 A.2d 1375 (1983); Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 842
(1981); Rood v. Russo, 161 Conn. 1, 3, 283 A.2d 220 (1971); Lynk v.Lynk, 11 S.M.D. 233, 241 (1997); Carli v. Ruszala, 10 S.M.D. 320, 321 (1996); Tsirigotis v. Tsirigotis, 9 S.M.D. 152, 155 (1955); Kimery v.Kimery, 9 S.M.D. 54, 56 (1995); Berluti v. Berluti, 5 S.M.D. 377, 382 (1991).
The plaintiff also has a child by one Abraham Diaz. The statement of assistance shows both Mr. Diaz and the defendant Mr. Artis made support payments. The computer data labels each payment as to which father tendered them, so that the total payments made by the defendant can be calculated. The printout showing payment of Temporary Family Assistance does not label which child was the recipient. From October 1, 2000 through February 1, 2002 the data shows that Temporary Family Assistance was paid on behalf of two minor children. However for the period of time prior to October 1, 2000 the exhibit shows public assistance paid on behalf of only one child. It became necessary for the Department of Social Services to provide additional evidence as to which child the Temporary Family Assistance was awarded during the period in question. Accordingly, the evidentiary hearing was reopened for that sole purpose.
At the continued hearing the Department of Social Services produced a witness who verified that the Temporary Family Assistance for the period in question was provided on behalf of Charles, the child of the parties to this action and that the Diaz child was not on the award during that period. The support arrearage "accruing during the time of actual public assistance is awarded to the State, with all other arrearage accruing to the support recipient. This methodology was utilized by the court in allocating arrearages in Fear v. Fear, 12 S.M.D. 64 (1998); Correa v.CT Page 5225Rosa, 10 S.M.D. 73, 76-77 (1996); Carniero v. Brevetti, 10 S.M.D. 65 (1996) (State failed to provide evidence of the amount of AFDC paid);Alicea v. Villafane, 10 S.M.D. 40 (1996) and McCulloch v. McCulloch, 6 S.M.D. 120 (1992)." McBride v. Singleton, 13 S.M.D. 284, 286,2000 Ct. Sup. 693 (1999).
"This is consistent with present Federal statutes and regulations. In 1996, the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA), P.L. 104-193 and the Balanced Budget Act of 1997, P.L. 105-33
revised the Social Security Act to provide that ultimately support arrearages pursuant to an assignment of support are to be allocated and distributed in this manner. 42 U.S.C. § 408 (a) (3); 42 U.S.C. § 457 (a) (6). See also 45 C.F.R. § 302.32(f) (ii);45 C.F.R. § 302.51(a) (1). Section 17-578(b)-2(b) of the Regulations of Connecticut State Agencies provides that on discontinuance of public assistance current support payments shall be distributed to the custodial relative of record on the date of discontinuance, for the benefit of the children named in the child support order.'"[4] Busanet v. Plantier, 13 S.M.D. 290, 295 (1999); McBride v. Singleton, supra, 13 S.M.D. 286.
"The present arrearage can be computed by simply adding all charges under the operative support order, and subtracting all proper payments and credits." Gatter v. Gatter, 15 S.M.D. ___, 2001 Ct. Sup. 1830-av
(2001); Giordano v. Giordano, 14 S.M.D. ___ (2000); Filiatrault v.Becotte, 12 S.M.D. 154, 156 (1998); Lynk v. Lynk, 11 S.M.D. 233, 242 (1997); Thibault v. Thibault, 10 S.M.D. 313, 317 (1996); Alicea v.Villafane, 10 S.M.D. 40, 42 (1996); Landon v. Landon, 8 S.M.D. 200, 202 (1994).
The Support Enforcement Division on its own initiative revised its original audit[5]. This was submitted at the continued hearing marked State's Exhibit 4. When combined with the testimony of the Social Services investigator, it is now possible to reconcile the data. The court finds an arrearage to the plaintiff Melissa Jackson in the amount of $183.00 and an arrearage of $1,293.84 to the State of Connecticut as of April 18, 2002.
The defendant appears to have remained in substantial compliance with the modified support order and income withholding is in place. Therefore, there is no necessity for further monitoring by the court.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate CT Page 5226