[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR WRIT OF HABEAS CORPUS
In his petition for a writ of habeas corpus Junior Grandison challenges the sufficiency of an extradition warrant that seeks his return to the State of Pennsylvania where he is charged with rape, deviant sexual intercourse and indecent assault. CT Page 4159
The essential facts giving rise to this petition are essentially undisputed. On or about October 10, 1998, a black female prostitute filed a complaint with the Philadelphia, Pennsylvania police department alleging that she was sexually assaulted at gunpoint by two black males on September 13, 1998. In her statement to the police the victim alleged that at about 5:00 a.m. an individual she knew from the neighborhood, identified by her as Michael Anderson, picked her up in his four door dark red/burgundy car. They drove to a location where they were to have sex when an unknown black male entered the rear of the vehicle and put a gun to her head directing her to perform sexual acts on Michael Anderson. The unknown male then forced her to the rear of the car where he sexually assaulted her. She was then forced out of the car at which time both men drove off together.
The complainant further alleged that on October 8, 1998 at approximately 9:30 a.m. she was crossing the street when she observed Michael Anderson and the unknown black male driving in the same car which Anderson was driving on the night of the sexual assault. Upon making eye contact with her, Anderson drove through the intersection attempting to run her over. Upon reaching the sidewalk she looked at the car and recognized the unknown male as the same person who assaulted her on September 13. Later that evening, at approximately 11:15 p. m., the complainant reported the September 13 sexual assault and that morning's attempted hit and run to the Philadelphia police.
Based on her complaint and a finding of probable cause, an arrest warrant was issued on October 17, 1998 by the Philadelphia Municipal Court for a Junior Gramdison, a.k.a. Junior Grandison, a.k.a. Michael Anderson. The arrest warrant affidavit does not reflect that the complainant made a photographic, lineup or show up identification of the Michael Anderson she claims assaulted her.
On August 26, 1999, based on information received from the Philadelphia, PA police department, Grandison was arrested by the Connecticut State Police and charged with being a fugitive from justice. Thereafter, Pennsylvania authorities lodged with Connecticut officials a Governor's Requisition, seeking the extradition of Grandison. In support of this request, Pennsylvania authorities confirmed that the finger prints of the Junior Grandison arrested in Connecticut match the prints of the CT Page 4160 Michael Anderson charged with the October 13, 1998 sexual assault.
Based on the Pennsylvania Governor's Requisition and supporting documentation, including the Philadelphia arrest warrant application, a Governor's Warrant was issued by the State of Connecticut for Junior Grandison on November 16, 1999. In his petition for a writ of habeas corpus Grandison now challenges that warrant. Invoking the Uniform Criminal Extradition Act, General Statutes Sec. 54-157 et seq; Article IV, 2, cl. 2 of the United States Constitution; and the doctrine of Michigan v.Doran, petitioner makes two claims. First, he alleges that the Pennsylvania requisition and Connecticut extradition warrant are defective in that they do not demonstrate that the Michael Anderson named by the victim as her assailant is the same Junior Grandison a.k.a. Michael Anderson who was arrested in Connecticut as a fugitive from justice. Petitioner argues that because the complainant did not positively identify — through a lineup, show up or photographic array — the Michael Anderson she claims assaulted her there is not probable cause to conclude that the petitioner is in fact that same Michael Anderson. In addition, petitioner has presented evidence indicating, in his view, that he was not present in the demanding state at the time of the commission of the crime, and therefore, is not a fugitive from justice within the meaning of General Statutes Sec. 52-157 et seq.
 I
The parties agree that petitioner's claim is governed by the Uniform Criminal Extradition Act, General Statutes Sec. 54-157, et seq., and Michigan v. Doran, 439 U.S. 282 (1978). In Michiganv. Doran, the Supreme Court considered whether, under the Uniform Criminal Extradition Act, the judicial authority in the asylum state is empowered to undertake an independent review of the probable cause finding made by the demanding state. In the Doran
case, the Michigan court granted the petition for a writ of habeas corpus after undertaking an independent review of and rejecting the probable cause finding of the Arizona court. In reversing the decision of the Michigan court, the Supreme Court held: .
. . A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Once the governor has granted extradition, a court CT Page 4161 considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable. . .
 Under Art. IV, 2, the courts of the asylum state are bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. . . . To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, 2.
 We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state.
Id at 289-290.
Connecticut case law fully accords with the ruling in Doran. See, e.g., Hill v. Blake, 186 Conn. 404 (1982); Reynolds v.Conway, 161 Conn. 329, 323. ("It is not for the asylum state on habeas corpus to pass upon the quality, persuasiveness or weight of the evidential matter on the basis of which the Governor . . . . issued the extradition warrant, for it is solely a question of law whether on the face of the papers accompanying the warrant there was sufficient to say that a crime was substantially charged . . . . and that he was alleged a fugitive.") (internal quotations and citations omitted.) See, also, Parks v. Bourbeau, 193 Conn. 270, 277 (1984) ("As we have already pointed out, the United States Supreme Court in Michiganv. Doran has articulated the ambit of the inquiry by courts of the asylum state in extradition hearings.")
In this matter, the petitioner admits that he is Junior Grandison. He acknowledges that the complainant in the Philadelphia sexual assault case identified her assailant as CT Page 4162 Michael Anderson. Petitioner further agrees that Michael Anderson is a known alias of Junior Grandison. He also stipulates that the Pennsylvania arrest warrant sets forth probable cause to believe that a "Michael Anderson" committed the crimes charged. Petitioner does not agree, however, that the extradition warrant and supporting documents establish probable cause to conclude that the Michael Anderson charged in Philadelphia is the same Michael Anderson arrested in this case. This is so, petitioner argues, because the complainant was never required to and did not identify this petitioner as the same person who assaulted her. Thus, petitioner argues that in the absence of a positive identification arising from a lineup, show up, or photographic array indicating that the person named in the arrest warrant is in fact the petitioner there is not probable cause to conclude that the Junior Grandison arrested in this matter is the same individual described in the warrant.
As previously noted, an extradition hearing "is limited to four questions, namely, (a) whether the extradition documents on their face are in order, (b) whether the plaintiff has been charged with a crime in the charging state, (c) whether the plaintiff is the person named in the request for extradition and (d) whether the plaintiff is a fugitive." Parks v. Bourbeau, 193 Conn. 270,275 (1984), quoting Michigan v. Doran, supra. While the petitioner raises interesting questions concerning the victim's lack of identification of her assailant, those concerns are issues related to the petitioner's substantive defense to the crimes charged, and as such are matters properly addressed in Pennsylvania not at an extradition hearing in Connecticut.
A jury may well conclude, after listening to the evidence at trial, that the Commonwealth is unable to prove beyond a reasonable doubt that the Junior Grandison sought as a fugitive is the same Michael Anderson claimed by the victim to be her assailant. That claim, however, is not properly adjudicated in the asylum state in the context of an extradition proceeding. "[T]he courts of the asylum state are bound to accept the demanding states judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." Michigan v. Doran, supra, 290. The exhibits in this case demonstrate that Pennsylvania has made a judicial determination of probable cause that Junior Grandison, a.k.a. CT Page 4163 Michael Anderson committed the crimes for which he is charged in Pennsylvania. The fingerprints of the Michael Anderson wanted in Pennsylvania match the prints of the Junior Grandison arrested in Connecticut. In the face of this finding, this court is without authority to adjudicate whether the petitioner is in fact the same person identified by the victim.
Petitioner also challenges his status as a fugitive from justice. In support of his claim that he is not a fugitive, petitioner presented evidence which, if credited, would tend to show that he was not in Philadelphia on October 8, 1998 the date on which the complainant alleges that Michael Anderson attempted to run her over. That evidence consists of the testimony of his employer's director of operations and supporting documentation showing that the petitioner was in Connecticut on that day making deliveries for the delivery service for whom petitioner was employed.
"An application to the governor for a warrant of extradition presents the twofold question whether the person demanded has been substantially charged with a crime against the laws of the state where he is wanted and whether he is a fugitive from justice from that state. . . The inquiry is one of fact, to be resolved by the chief executive of the state upon which demand is made. His decision cannot be impeached unless it conclusively appears that the plaintiff could not be, under the law, a fugitive." Ross v. Hegstrom, 157 Conn. 403, 411 (1969) quotingMoulthrope v. Matus, 139 Conn. 272, 275. "In this regard it has been stated that "the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." Reynolds v. Conway, 161 Conn. 329, 334
(1971) (internal quotations and citations omitted)
Based on petitioner's evidence, it does not "conclusively appear that the person sought to be extradited could not be a fugitive from justice under the law." Id. The evidence concerning petitioner's whereabouts on October 8 does not speak to his presence in Philadelphia on September 13, 1998, when the complainant alleges she was sexually assaulted. Rather, that evidence indicates that the petitioner was not in Philadelphia when an attempt was made to run over the complainant. Further, the October 8 evidence even if credited, does not conclusively CT Page 4164 demonstrate that petitioner cannot be a fugitive from justice. Instead, it constitutes "merely contradictory evidence on the subject of presence in or absence from the state. . ." Reynoldsv. Conway, supra. As such, the petitioner has not satisfied his burden of presenting "conclusive and uncontradicted evidence of his absence from the demanding state at the time of the alleged crime." Id at 335.
Accordingly, for the foregoing reasons, the petition for a writ of habeas corpus is dismissed.
ROBERT L. HOLZBERG, J.